## JAMES DUVALL v. H. H. ROLLINS.

Whenever the record from the Court below, whether upon a "case agreed," or a "case stated," presents clearly and fully the merits of the whole case, this Court will render such judgment thereon as the Court below ought to have done.

An adverse possession, to have the effect of leaving in the true owner the right of action only, must be hostile to him, and under a claim and with the exercise of the rights and privileges of permanent ownership.

The personal property exemption is confirmed by the Constitution, and is inviolable; it cannot be reached by execution nor forfeited by any attempt to make a fraudulent conveyance.

(*Crummen* v. *Bennett*, 68 N. C. Rep. 494, cited and approved.)

PETITION to rehear the decision in the same case, made at the January Term, 1873, of this Court, and reported in 68 N. C. Rep., 220.

The grounds upon which the rehearing is asked, and the facts pertinent thereto, are stated in the opinion of Justice BYNUM, and the former report of the case above alluded to.

*Folk* and *McCorkle & Bailey*, for petitioner.
*W. P. Caldwell* and *Smith & Strong* contra.

BYNUM, J. This case was decided at the January Term, 1873, and is reported in 68 N. C. Rep., 220. It is before the Court again for a re-hearing, upon a petition filed for that purpose.

It is alleged by the plaintiff that in the former decision the Court assumed that the record presented a "case agreed," when in fact it was a "case stated," under the Code, sec. 301. Without deciding whether it is a case agreed or a case stated, and without attempting to draw a line of distinction between the two, it is sufficient to say that, whether it be the one or the other, whenever the record presents clearly and fully the merits

of the whole case, it is the duty of this Court to render such judgment thereon as the Court below ought to have done.

The counsel for the defendant evidently felt the force of this view, for without pointing out any material errors of the Court upon the construction of the record, he assumed that it was correct in substance and presented the final merits of the case; therefore he delivered an able and learned argument to show that the Court erred in its former decision.

After a careful review of the grounds of the former decision, aided by the light of another argument, the Court is unable to see any error in that judgment.

The facts of the case are briefly these :

The plaintiff, Duvall, on the 5th October, 1870, sold and transferred the property in dispute to one Aker, his son-in-law, in consideration of his undertaking to support the plaintiff and his wife, who were old. On the 25th of October, 1870, executions came against the plaintiff, who then had his personal property exemption laid off and assigned to him, embracing this same property, from which we are to infer that he still retained the possession, notwithstanding the previous sale of the 5th of October; and there is no evidence that he ever parted with the possession until the seizure by the officer. On the 24th of December, 1870, the defendant attached it for debts of the plaintiff and took possession thereof, and on the trial of the actions, the same day, Aker appeared and claimed the property as belonging to him, the plaintiff being present and not objecting thereto.

Afterwards, and before the sale by the officer, Aker, " being unwilling to become engaged in litigation, recanted the contract so made with his father-in-law." Afterwards the defendant sold the property under the judgments so obtained, the plaintiff being present and forbidding and claiming the property as his personal exemption.

1. The defendant says that the plaintiff cannot maintain the action, because by his sale he passed the title to Aker, who was the legal owner of the property at the time of its seizure by

the officer, and that being thus in the adverse possession of the officer at the time of the attempted rescission or resale to the plaintiff, such resale was void by the policy of the law, as an attempt to sell a right of action merely.

It is evident that this defence is technical only, for it proceeds upon the ground that the defendant seized the goods of the wrong man. It admits that he has no title, but that Aker has; and he seeks to escape this action by showing that he has wronged another man. Now it is difficult to see any good reason why Aker, if the title was in him, might not rescind the contract with the assent of Duvall, when the effect would be to improve the condition of the defendant, by putting back the property in the plaintiff, his debtor, against whom the process was directed, and under whom only he can pretend to justify the seizure.

But was the possession of the officer adverse to Aker, in the legal sense, so that he had left in him a right of action only? An adverse possession to have that effect, must be hostile to the true owner, under a claim, and with the exercise of the rights and privileges of permanent ownership. But the claim of the officer was not hostile to Aker but to the plaintiff, neither was it permanent or as owner. He claimed to hold it in " *custodia legis* " only, until further directions. This then was not such an adverse holding as prevented a sale by Aker, much less prevented a rescission which put the title in the debtor, the very place where the defendant should desire it to be where all his legal proceedings assumed it to be.

The defendant next says, that the plaintiff having at the trial before the magistrate, not denied the claim of title then made by Aker, will not now be allowed to set up title in himself.

Such is not the doctrine of estoppels *in pais*, the true principle of which is this: " The admission must be intended to influence the conduct of the man with whom the party is dealing, and actually leading him into a line of conduct which must be prejudicial to his interests, unless the party estopped is cut

DUVALL *v.* ROLLINS.

off from the power of retraction." *Dagell* v. *Odell*, 3 Hill, 219 ; 2 Smith L. cases, 243.

The definition itself precludes all idea of an estoppel here, for so far from the admission of the plaintiff, that the title was in Aker, having any influence to the prejudice of the defendant by changing his line of conduct, he disbelieved it and acted in the opposite direction by attempting to hold the property and fix him with the ownership.

The plaintiff being thus left free to assert his title, the case falls fully within the principle of *Crummen* v. *Bennett*, 68 N. C., 494.

The personal property exemption cannot be reached by execution at all, for as to that, under the Constitution, there can be no creditor and no forfeiture by an attempt to make a fraudulent conveyance.

Our laws have long been so framed as to make fraudulent conveyances void as to creditors, and our habits of thinking run in the same direction, so that it is difficult to realize that another and a new right has been interposed between the creditor and debtor, which secures certain of his property, even from his own frauds upon creditors.

It is confirmed by the Constitution and is inviolable.

There is no error.

PER CURIAM.  Judgment affirmed.