## C. B. CURLEE *v.* ANNICE THOMAS.

A recovers a judgment against B for $193, who subsequently obtains judgment against A for $60, upon a cause of action existing at the time of A's judgment, but which was not pleaded as a counter claim. On a motion in the Superior Court, in which both judgments were docketed, to allow the judgment of B to be credited on that against him: *Held* that A's personal property exemption protected his judgment against B, from any such proceeding; as it is, in the sense of Art. 10, sec. 1, of the Constitution, final process.

(*Duval* v. *Rollins*, 71 N. C. Rep. 18; *Crummen* v. *Bennett*, 69 N. C. Rep. 494; *Lambert* v. *Kinnery*, at this term, cited and approved.)

This was a MOTION to apply a judgment held by the plaintiff against the defendant in satisfaction *pro tanto*, of a judg-

ment held by the defendant against the plaintiff, heard before Buxton J., at Spring Term, 1875, of Union Superior Court.

The following are the facts in this case as disclosed by the record :

In 1859, the defendant, who was the widow of one John R. Thomas, brought suit against the plaintiff, C. B. Curlee, as administrator of her husband, to enforce the payment of a year's allowance which had been previously laid off for her by commissioners appointed by the late county court, and which had been paid in part. The case was pending until Spring Term, 1872, when the plaintiff recovered judgment for the sum of $193, the balance due, and execution issued thereon returnable to Fall Term, 1872, which execution was returned unsatisfied.

On the 8th day of April, 1873, C. B. Curlee, sued the defendant before a Justice of the Peace of Union county upon an alleged lost receipt for $60, paid on the year's allowance previous to the rendition of judgment against him at Spring Term, 1872, and not brought forward by him or allowed by the court as a credit on the judgment against him for $193.

The complaint before the Justice was that the judgment of the Superior Court was too large by $60, in consequence of this judgment having been lost sight of and omitted. The answer denied any such payment or the existence of any such receipt. The Justice rendered judgment in favor of C. B. Curlee for $60 and interest thereon from the 1st day of May, 1868. From this judgment the defendant Annice Thomas, asked an appeal to the Superior Court, but on account of her failure to tender the Justice his fee, he refused to send up the appeal.

In October 1873, C. B. Curlee had this judgment docketed in the Superior Court of Union county, and after paying upon the judgment against him an amount sufficient to reduce it to the amount of his judgment against Annice Thomas, caused a notice to be served on her returnable to Spring Term,

1875, to show cause why his judgment against her should not be applied to the satisfaction of her judgment against him, *pro tanto*.

In accordance with said notice the defendant appeared and showed for cause:

That the defendant Annice Thomas was entitled to the benefit of the personal property exemption allowed by law.

It was admitted that she did not own $500 worth of personal property, exclusive of the judgment against Curlee. Therefore he ought not to be permitted to defeat the constitutional right which had become attached to her judgment against him by a subsequently recovered judgment against her.

The plaintiff's counsel insisted. that as his claim existed at the time she recovered judgment, and ought properly to have been deducted then, the case was one in which there were mutual claims existing at the same time and that the balance only constituted the debt. That there was a distinction between such a case and one in which judgment was rendered against a defendant who shall afterwards acquire a debt subsequently incurred against the plaintiff and cause it to be reduced to judgment.

His Honor being of the opinion that the plaintiff was entitled to the motion, ordered that the judgment of C. B. Curlee against Annice Thomas be applied to the satisfaction of the judgment of Annice Thomas against C. B. Curlee *pro tanto*.

From this order the defendant prayed an appeal to the Supreme Court.

No counsel in this court for the appellant.
*Wilson & Shaw* and *J. D. Son*, contra.

BYNUM, J. The personal property of any resident of this State, to the value of five hundred dollars, to be selected by such resident, shall be and is hereby exempted from sale under

execution or other final process of any court, issued for the collection of any debt." Const. Art. X, sec. 1.

We cannot go behind the judgments to examine the merits of the consideration upon which they are founded. If the plaintiff had issued an execution against the defendant upon his judgment, it is clear that she would have been entitled to her personal property exemption against it. Her judgment against the plaintiff was personal property, and if it was required to make up the amount to which she was entitled under the Constitution, it would have been the duty of the officer having the execution, to allot it to her. Bat. Rev. chap. 55, sec. 12. The plaintiff can be in no better situation and the defendant is no worse, by this short-hand way of getting the benefits of an execution without its burdens.

To give effect to such motions as this, would be in many cases, to deny this benign provision of the Constitution. "The personal property exemption cannot be reached by execution at all, for as to that, under the Constitution there can be no creditor and no forfeiture, even by an attempt to make a fraudlent conveyance. It is confirmed by the Constitution and is inviolable." *Duval* v. *Rollins*, 71 N. C. Rep. 218. *Crummen* v. *Bennett*, 68 N. C. Rep. 494. *Lambert* v. *Kinnery* decided at this term.

If an execution could not reach the defendant, how can the present proceeding, which is only a substitute for an execution.' In the sense of Art. X, sec. 1, it is "final process."

There is error.

PER CURIAM.    Judgment reversed, and judgment here for the defendant.