BOARD OF COMMISSIONERS OF MONTGOMERY COUNTY v. P
C. RILEY.

The personal property of a resident of this State, exempted from sale under execution by the Constitution, cannot be sold under process of attachment.

(*Curlee* v. *Thomas*, 74 N. C. Rep., 51; *Duval* v. *Rollins*, 61 N. C. Rep., 218; *Crummen* v. *Bennett*, 68 N. C. Rep., 494; *Lambert* v. *Kinnery*, 74 N. C. Rep., 348; *Hill* v. *Kesler*, 63 N. C. Rep., 437, cited and approved.)

MOTION to vacate an attachment, heard before BUXTON, J., at Spring Term, 1876, of MONTGOMERY Superior Court.

The Board of Commissioners of Montgomery County commenced an action against the defendant, Peter C. Riley, former sheriff of said county, upon his official bond to recover the sum of $2,500, the amount of county and poor taxes collected for the year 1868, which it was alleged he had failed to account for and pay over. The summons was issued Dec. 8th, 1875, and served by publication.

The defendant was elected sheriff of said county at the State election held on the 21st, 22d and 23rd days of April, 1868, and gave bond in the sum of $2,500 on the 25th day of July, 1868, conditioned as follows :

" The condition of the above obligation is such that whereas the above bounden Peter C. Riley has been elected high sheriff of Montgomery County ; if, therefore, the said Peter C. Riley shall collect, pay over and account for the county and poor tax, then the above obligation to be void, otherwise to be and remain in full force and effect."

The attachment was issued December 13th, 1875, upon affidavit made before the Clerk of the Superior Court by William McAllister, Chairman of the Board of County Commissioners, to the effect following : " That he was advised and believed that Peter C. Riley, the defendant, has departed from the State with intent to defraud his creditors, or keeps

himself concealed so that the ordinary process of law cannot be served upon him, and that he has assigned, disposed of or secreted, or is about to assign, dispose of or secrete some of his property, with intent to defraud his creditors." The attachment was levied on certain real and personal estate of the defendant. The defendant appeared at the return term and moved the Court, upon affidavit, to vacate the attachment; among others upon the following grounds:

1. The defendant is here to answer process.

2. No established indebtedness is stated in the affidavit upon which the attachment was issued.

3. The affidavit is defective, in not setting forth that the property therein alleged to have been assigned by the defendant to defraud his creditors, was in excess of his homestead and personal property exemption.

4. That if the Act of Assembly in relation to attachment authorizes the seizure of property, real or personal, not liable to execution, the law is unconstitutional.

5. The levy upon the personal property was void, because it only amounted in value to $100, and the defendant, who was a citizen of this State, with his wife and family here in possession of the property, was entitled, under the Constitution, to personal property to the value of $300, exempt from execution, and *a fortiori* from seizure by attachment.

6. The levy of attachment upon the realty was void, because it does not appear that the Sheriff assigned to the defendant this homestead of $1,000, exempt from seizure by the Constitution.

The Court refused to vacate the attachment, and the defendant appealed.

*Neill McKay* and *Pemberton*, for the appellant.
*Mauney* and *M. S. Robbins*, contra.

SETTLE, J. The incident, though sometimes more important in results, generally follows the principal.

The process by attachment, is a mode of enforcing the collection of a debt ancillary to a suit, regularly instituted in the Courts, and followed by a judgment and execution thereon.

Can a party, who proceeds by attachment, place himself in a better position than one who sues regularly in the Courts and obtains a judgment, and sues out execution thereon ?

We need not seek beyond the last number of our Reports to find the dignity of the personal property and the homestead exemptions under our Constitution.

In *Curlee* v. *Thomas,* 74 N. C. Rep., 51, the ruling in *Duval* v. *Robbins,* 71 N. C. Rep., 218, is quoted with approbation : " The personal property exemption cannot be reached by execution at all, for as to that, under the Constitution, there can be no creditor and no forfeiture, even by an attempt to make a fraudulent conveyance. It is confirmed by the Constitution, and is inviolable."

In *Crummen* v. *Kennett,* 68 N. C. Rep., 494, it is held that a grantor, who makes a conveyance of his land, which is fraudulent as to his creditors, does not thereby forfeit his right to a homestead as to such creditors. They can sell, under an execution, only the remaining part of his land, leaving the homestead to be contested between the alleged · fraudulent grantor and grantee.

And this is further supported by the ruling in *Lambert* v. *McKinney,* 72 N. C. Rep., 348, where it is held that the title to the homestead is vested in the owner, by the Constitution of this State, *and no allotment by the sheriff is necessary to vest the title thereto.* The allotment by the Sheriff is only for the purpose of ascertaining whether there be an excess of property over the homestead, which is subject to execution.

And this Court has gone so far as to hold that the maker of a note, having at the time a wife and children, cannot, by stipulation to that effect, in the note, waive the benefit

of the homestead exemption, as to the debt evidenced by the note, for that the owner of the homestead can part with it only by the formalities prescribed by law, to-wit: by deed, with the consent of the wife, evidenced by her privy examination.

In *Grubbs* v. *Ellyson*, 23 Arkansas, 287, it is said: " An attachment is but a preliminary execution, so that a homestead is not subject to attachment any more than it is to an execution."

The personal property and homestead exemptions are fixed by the Constitution, and are not subject to legislation.

The Legislature can only facilitate or impede the remedies by which the Constitutional rights may be enforced, but the rights themselves are beyond the province of the Legislature.

This Court, from *Hill* v. *Kesler*, 63 N. C. Rep., 437, to this instance, has given a fair and reasonable construction to these beneficient provisions of the Constitution, and will adhere to its decisions unless they are reversed, in a proper case, by the Supreme Court of the United States.

The judgment of the Superior Court is reversed.

Let this be certified, &c.

PER CURIAM.                                    Judgment reversed.