State on relation of R. F. GAMBLE v. H. T. RHYNE, Adm'r, and A.
W. DAVENPORT.

*Homestead and Personal Property Exemption—Debts contracted
prior to 1868—Attachment—Sheriff's Bond.*

1. Property seized under attachment is only a legal deposit in the hands
   of the sheriff to abide the event of the action, and after judgment
   against the defendant, he is entitled to the same exemptions in the
   property attached as he would have been had there been no attach-
   ment.

2. In an action upon a sheriff's bond, where the breach alleged was the
   failure to sell certain personal property under execution, which was in
   the possession of the sheriff, having been attached by him in the action
   in which judgment was rendered, such judgment being founded upon
   a debt contracted prior to 1868; *It was held,* to be error to exclude
   evidence tending to show that the judgment debtor was entitled to the
   property attached as his personal property exemption.

3. A judgment debtor is entitled to exemptions under Const., Art. X, § 1,
   against a debt contracted between February 25th, 1867, and the adop-
   tion of the constitution of 1868.   *Quære,* as to exemptions in personalty
   against a debt contracted prior to February 25th, 1867.

(*Com'rs of Montgomery* v. *Riley,* 75 N. C., 144; *Duvall* v. *Rollins,* 71 N.
C., 218, cited and approved.)

CIVIL ACTION tried at Spring Term, 1878, of GASTON Su-
perior Court, before *Cox, J.*

This action was brought on the official bond of R. D.
Rhyne, sheriff of Gaston county, the intestate of defendant,
H. T. Rhyne, alleging a breach of the bond for the causes

set out in the opinion. Verdict for plaintiff. Judgment, appeal by defendant.

*Messrs. Wilson & Son,* for plaintiff.
*Messrs. Jones & Johnston* and *Hinsdale & Devereux,* for defendants.

DILLARD, J.   The relator of the plaintiff, on the 25th of October, 1873, sued Albert Davis, in a justices' court, for $35 on a note executed before the constitution of 1868, and in the course of the action he procured a warrant of attachment to be issued, which came into the hands of R. D. Rhyne, sheriff, defendant's intestate, and under it he seized various articles of personal property, not exceeding $75 in value.   Relator recovered judgment in the justice's court and Davis appealed to the superior court, and in that court also the relator had judgment.

After judgment the relator sued out an ordinary execution and it went to the sheriff's hands, and on it the sheriff returned, " no property of defendant liable to execution to be found in my county."   Thereupon the action was brought on the official bond of the sheriff.

The relator assigns as a breach of the bond that the sheriff failed to sell and apply to his debt the property seized under the attachment.   The defendants rest their defence on the position that the property seized was not of more value than $75, and that the judgment debtor had not as much personal property in all as the law exempted from execution.

On the trial in the court below the defendants, in support of the issue on their part, offered to make proof of these several facts, to-wit, that the judgment debtor was a housekeeper with a family ; that the property seized and all he had was less than the sum exempt from execution by law ; that he demanded the same at the seizure under the attachment, at the motion to vacate in the justice's court, and

again under the execution issued upon the judgment obtained in the superior court; and the case of appeal states that His Honor excluded the offered proof on these several points.

In the argument at the bar of this court, it was insisted for the relator that the property seized under the warrant of attachment went to the sheriff's hands, and thereby he owed the duty to take care of and was liable for the said property as a security for the satisfaction of any judgment he might recover, in the same manner, as if he had levied on the same under an execution. It was urged that the judgment debtor having moved to vacate the attachment in the justice's court and failed and allowed on appeal judgment to pass in the superior court for the debt, leaving the attachment still in force, he was concluded from claiming the said property as an exemption, and the sheriff in failing to sell the same and apply the proceeds to relator's debt, had broken the conditions of his bond and could not acquit himself of liability by setting up the debtor's right to it as an exemption.

We are of opinion that the position contended for by relator's counsel is not legally correct. Under our law the warrant of attachment is a provisional remedy, issued in the progress of a cause and as ancillary thereto, and is a command to the sheriff to seize the tangible property of the defendant and keep the same or its proceeds, if the same being perishable has been sold, until judgment in the action is obtained. Bat. Rev., ch. 17, §§ 203 and 204.

The property seized is a legal deposit in the hands of the sheriff to abide the event of the suit, the lien of the attaching creditor having priority over any subsequent attachment or execution which may come to his hands; and on the rendition of judgment against the defendant and when execution is issued and comes to the sheriff's hands, then his powers as sheriff under the attachment to hold merely are merged into the larger powers acquired by him under the

execution. Bat. Rev., ch. 17, § 209, (2); 1 Whit. Practice, 515; *Schieb* v. *Baldwin*, 22 How., 278.

When the execution came to the hands of the sheriff, the debtor, being a resident of the state, had the same right of exemption, although there had been a warrant of attachment, as he would have had in case there had been no attachment. *Com'rs of Montgomery* v. *Riley*, 75 N. C., 144.

The debtor's right of exemption was by the paramount authority of the constitution and needed no action of the sheriff to vest the right in him; and the right was not forfeited by a failure of the debtor to have the property discharged by an order of the court. *Duvall* v. *Rollins*, 71 N. C., 218; *Com'rs of Montgomery* v. *Riley, supra.* We are, therefore, of opinion that the refusal of the motion to vacate the attachment in the justice's court did not in law conclude the debtor from claiming his exemption as against the execution when it came into the sheriff's hands. His Honor on the trial in the court below should have allowed the sheriff in support of his defence of "no breach,' to make proof that the property attached was covered by the exemption to which the execution debtor was entitled, and that he had delivered it to him.

It was next insisted in the argument here, and His Honor so charged the law to be in the court below, that no personal property exemption whatever could be allowed the debtors as against the relator's debt, the same having been contracted prior to the adoption of the constitution of 1868, and in that view of the law the sheriff should have sold the property seized under the execution that was issued to him on the judgment in the superior court.

His Honor holding the law as excluding all right of exemption as against any debt contracted before the constitution of 1868, held that the offered proof on the part of the defendants as to residence in the state of the debtor, and the character and value of his personal property was immaterial

and excluded it, and therein, as we think, he committed an error.

His Honor's ruling went to the extent of denying all exemption to any debt contracted before the constitution of 1868, and we think, and have so decided at this term in the case of *Earle* v. *Hardie,* that there is an exemption in favor of a debt contracted in the interval between the act of 25th of February, 1867, and the adoption of the constitution of 1868; and it may possibly be, if the debt was contracted prior to the act of 1866–'67, there was an exemption in personalty existing to it, but as to this we express no opinion. It is our opinion, therefore, the proof should have been received and thereupon His Honor should have declared the law as to the existence or non-existence of the right of exemption of the debtor against the particular debt of the relator as material to the question of the alleged breach of the sheriff's bond.

There is error. Let this opinion be certified to the end that a new trial may be had.

Error.                                        *Venire de novo.*