The complaint alleged the execution by E. H. Fortescue and wife to M. Makely of a note and mortgage for $900 on 4 September, 1879, on which there was a balance due on 19 December, 1884, of $343, on which date a payment of $149 was made by R. H. Watson for his sister, the defendant, Nancy E., and as alleged by plaintiff R. H. Watson then, at the request of his sister, paid Makely the balance due and took the note and mortgage to hold until she could repay him. By subsequent assignments the note and mortgage came to the hands of the plaintiff, as he alleged.
The defendants admitted the execution of the note and mortgage, and that on 19 December, 1884, there was due a balance of $343, but averred that the whole had been paid and denied that there had been any assignment or transfer of the note and mortgage by Makely to R. H. Watson or any other person.
There was an endorsement on the note of a credit of $204.60, dated 4 March, 1885, made in the handwriting of the plaintiff at the direction, as he testified, of C. M. Watson, a former holder of the note. Plaintiff claimed that this endorsement related to the payment covered by a receipt for like amount and date given by R. H. Watson to Nancy (270) E. Fortescue. When plaintiff offered to prove what was said by C. M. Watson, at the time of the entry, about the credit and the receipt of the same date and the payment represented by the receipt (Watson *Page 222 
being under subpoena and in attendance upon the court), defendant objected to the testimony and it was rejected under plaintiff's exception.
The plaintiff testified as follows: "The note and mortgage were in my possession at the time of the commencement of this action. I then owned them and do now." . . . He further testified that after he traded for it he had a conversation with Mrs. Fortescue, who told him she could pay it in the fall of 1885; that she said she had made payments to R. H. Watson, who at the last payment took up the small receipts and gave her on 4 March, 1885, a receipt for the whole amount paid, including $149, proceeds of the sale of rice by him for her; that she did not tell him that she had made payments to R. H. Watson for which she had no receipts.
The plaintiff then introduced in evidence the first section of defendant's answer, which admitted that there was due on the note on 19 December, 1884, while in Makely's hands, the sum of $343.
The defendants then introduced evidence as follows:
1. Second section of their answer, which averred that the note and mortgage had been paid and satisfied.
2. A receipt signed by Rufus H. Watson, dated 4 March, 1885, as follows: "Received of Nancy E. Fortescue $204.60 on deeds from Makely." This is the receipt referred to by the plaintiff in his testimony concerning the endorsement of a credit on the note entered by him.
(271) M. Makely testified as follows: "I had many dealings with E. H. Fortescue, and had a long running account with him, showing my transactions with him. I settled these transactions, according to my books, with Mr. R. H. Watson, who was a brother of Mrs. Fortescue. He got the note and mortgage in controversy from me. He is now dead. I had a conversation with him at the time he took up the note from me. He came to me and said he wished to take up Mr. E. H. Fortescue's note and mortgage. I hesitated, and told him I did not know whether I would let him have it or not; that I had promised Mr. Fortescue not to push him on this paper, or take any advantage of him about it, and that I would have to see Mrs. Fortescue before I could do anything about it. He said Mrs. Fortescue had sent him to get the note and mortgage. I said something to him in regard to the money, and he said that Mrs. Fortescue had sold her crop of rice, and stated the amount of money realized from the rice. I do not remember how much it was, but I remember it was not sufficient to pay the note. He did not say where the remainder of the money to satisfy the note was to come from. I then agreed to let him have the note and mortgage, and he paid me part of the money for them, and came back within a few days and paid the remainder and took the papers. At the time he *Page 223 
took the papers I proposed to cancel them, and he objected and said he did not want them canceled at that time as he wished to settle some other debts against the estate, and creditors might press the estate if the mortgage was canceled. I told him I would not transfer the note and mortgage to any one, but would cancel them."
The plaintiff objected to the foregoing testimony as to the transaction and conversation between the witness and Rufus H. Watson, on the ground that the same was hearsay, and further, that Rufus H. Watson being dead, it was incompetent under section 590 (272) of The Code. Objection was overruled under exception, and the witness continued to testify as follows:
"Rufus H. Watson was a brother of Mrs. Fortescue. I have never been requested by any holder of this note to sell the land under the power of sale in the mortgage. I have been asked not to cancel it. According to my books there was due me on 19 December, 1884, $343.19, and this amount is represented by the receipt of that date."
J. W. Hays testified as follows: "I knew R. H. Watson. I had a conversation with him the day he went to M. Makely's to see about the note and mortgage in controversy. He said he was going to Makelyville to take up the mortgage; that he had some money belonging to his sister, Mrs. Fortescue, and was going to take up the mortgage for her, but was not going to have it canceled; that Mr. Wahab had a debt against the estate, and he was going to hold the mortgage to keep Wahab from selling the land."
The plaintiff objected to the foregoing evidence on the same grounds on which he objected to the evidence of M. Makely; the objection was overruled, and the plaintiff excepted.
Mrs. Nancy E. Fortescue testified as follows: "I heard Mr. J. M. Spencer testify. I did not tell him that Rufus H. Watson had only $149 of my money at the time he took up the note. He owed me more money than that. I did not tell Mr. Spencer that the receipt of 4 March, 1885, covered all the payments I had made on the note. It is not true that I told him I claimed credits only for interest. My husband is dead. He left children. He left no will, and no dower has been set apart for me. I stated to Mr. Spencer that Mr. Watson owed me money for my father's estate. I don't remember what I told Mr. Spencer."
The court submitted the following issues:
1. Is the plaintiff the owner of the note described in the (273) complaint?
2. Did R. H. Watson purchase said note from M. Makely for his own use, or did he pay it off to M. Makely for the defendants? *Page 224 
3. What amount, if any, did R. H. Watson use of his own funds in taking up said note?
4. Was the $149 received by R. H. Watson from the sale of rice belonging to Nancy E. Fortescue accounted for and included in the receipt of 4 March, 1885?
In lieu of the second issue the plaintiff tendered the following: "If said R. H. Watson used $194 of his own money with which to take up said note, did he intend to pay off said note and mortgage, or to purchase the same and hold the same to secure the amount so advanced?"
The court declined to substitute this issue as requested, and the plaintiff excepted to such refusal and also to the submission of the second issue.
The defendant requested the court to charge the jury as follows:
1. That upon all the evidence you will answer the first issue "Yes."
2. That if you believe the evidence you will find in answer to the third issue "$139.19."
3. That upon all the evidence you will answer the second issue "He purchased said note."
The court declined to give the instructions as prayed for by the plaintiff, and the plaintiff excepted.
The jury found upon the several issues as follows: To the first "No," to the second "For the defendants," to the third "None," and to the fourth "No."
(274) The plaintiff moved for a new trial on the following grounds:
1. For error in refusing to submit the issue tendered by the plaintiff, and the submission of the second issue in lieu thereof.
2. For error in refusing to permit the witness, J. M. Spencer, to testify to the declarations of C. M. Watson in regard to the credit on the note of 4 March, 1885.
3. For error in permitting defendants to introduce section 2 of their answer.
4. For error in admitting the testimony of M. Makely.
5. For error in admitting the testimony of James W. Hays.
6. For error in refusing to grant the special instructions as requested by the plaintiff.
Motion for a new trial denied, and judgment rendered for defendants, and plaintiff appealed.
The matter in controversy was whether R. H. Watson paid off the note for the defendant, Nancy E. Fortescue, or whether he paid it only in part with said defendant's funds and purchased it and took it by transfer to himself, subject to the credits; and if the latter were the case, what sum is still due upon the note. The mortgage was admitted, but defendants contended that the note secured thereby had been fully paid and the mortgage satisfied.
1. The issues were intelligently framed by his Honor as raised by the pleadings, with the addition of others suggested by the evidence. He might simply have submitted issues whether the plaintiff was the owner of the note, and if so, what amount, if any, was still due upon it. (275)
The issue tendered by plaintiff's counsel was open to the objection that it sought merely to ascertain the intent of R. H. Watson, and not what was the contract or agreement between the parties when he made the payments. It would not have been proper for his Honor to have substituted the issue tendered by plaintiff's counsel for the second issue which was submitted.
2. The plaintiff had testified that he endorsed the credit of $204.60 upon the note on 4 March, 1885, by direction of C. M. Watson, a former owner of the note, and the proposition was to prove what C. M. Watson said when the credit was endorsed. The contention of plaintiff was that on 19 December, 1884, there was due upon the note $343, and that at that date R. H. Watson paid thereon with the funds of defendant $149 and with his own funds $194, and had taken a transfer of the note and mortgage to himself to secure the balance, $194, which he had paid for it, and that defendant Nancy had paid thereafter a sum sufficient to reduce the amount due on 4 March, 1885 (after the endorsement of credit of that date of $204.60), to the sum of $144.12, which sum with interest he claims to be still due and secured by mortgage, all of which will appear by reference to the amended complaint.
It is not claimed that any payment had been made to C. M. Watson while he was owner of the note; what C. M. Watson said to plaintiff at the endorsement of the credit could only have been as to the declarations of others; it must have been hearsay and inadmissible as part of the resgestae.
This is not like Harper v. Dail, 92 N.C. 394, on which plaintiff's counsel relies. In that case the receipt was in these words: "Received of B. H. $150 in part payment of the claim I hold against him as guardian of the heirs of R. Heath, deceased. R. C. B., Guardian." It was in evidence that there were two claims against B. H. held by R. C. B., guardian of the Heath heirs, and it was important that it should be ascertained upon which of these claims the $150 had (276) *Page 226 
been paid; and this Court held that it was competent for B. H. to testify in answer to the question. "What claim he settled when the receipt was given by B., if anything was said about what claim he was paying?" The general proposition was announced by the Court that a receipt, when it is an acknowledgment of the payment of money or the delivery of goods, is merely prima facie evidence of the fact which it recites and may be contradicted by oral testimony. As far as we can see, nothing which C. M. Watson could have testified would have been competent to show whether the $149 was part of the $204.60. It also appears that C. M. Watson was present at the trial and under subpoena; if his testimony was competent he might have been examined as a witness if plaintiff desired.
3. The third exception is to the admission as evidence for the defendant of the second article of the amended answer. The plaintiff had offered the first article, which admitted that there was due on 19 December, 1884, on the note while in Makely's hands the sum of $300; the second article was a qualification of the first, which alone was an admission of the debt, and for this reason was admissible. The rule is so well stated in 1 Greenleaf Ev. (14 Ed.), sec. 201, that we avail ourselves of it: "We are next to consider the effect of admissions when proved. And here it is first to be observed that the whole admission isto be taken together; for though some part of it may contain matter favorable to the party, and the object is only to ascertain that which he has conceded against himself, for it is to this only that the (277) reason for admitting his own declarations applies, namely, the great probability that they are true; yet, unless the whole is received and considered, the true meaning and import of the part which is good evidence against him cannot be ascertained. But though the whole of what he said at the same time and relating to the same subject must be given in evidence, yet it does not follow that all the parts of the statement are to be regarded as equally worthy of credit; but it is for the jury to consider, under all the circumstances, how much of the whole statement they deem worthy of belief, including as well the facts asserted by the party in his own favor as those making against him." See, also, note(a) for further illustration. The admission of this evidence, therefore, proceeds from a different principle from that laid down in Austin v. King,91 N.C. 286, cited by plaintiff's counsel — that a declaration of a party made in his own interest is incompetent.
4. The exceptions to the refusal of his Honor to give the instructions asked by plaintiff are founded upon the assumption that there was no evidence on the part of defendant to rebut the presumption arising from the possession of the note by plaintiff and to support her plea of payment and allegation that it had never been assigned by Makely. *Page 227 
We think there was evidence to go to the jury upon each of the issues; its weight was a question for the jury, and after verdict, for the judge, upon proper motion, and cannot be considered here.
We were not favored with an argument or brief upon the fourth and fifth exceptions for error in the admissions of Makely and of Hayes; they were neither waived nor pressed, and we can discover no good ground for a refusal to admit the same. There is
No ERROR.
Cited: Mfg. Co. v. Steinmetz, 133 N.C. 193; Smith v. Tel. Co.,168 N.C. 517.
(278)