ANDREW COWAN et al v. GEORGE A. PHILLIPS and
T. E. WARREN.

(Decided February 22, 1898.)

*Action to Set Aside Fraudulent Conveyance—Rights of Creditors—Mortgagees—Personal Property Exemption.*

1. Where, in an action to set aside a mortgage as fraudulent, it is found that the debts secured by the mortgage were *bona fide,* but the mortgage was fraudulent as to the plaintiff · creditors, the latter cannot recover from the mortgagee money paid to him before the levy of an attachment by the creditors.

2. The personal property exemption of a debtor who makes a fraudulent conveyance is not forfeited thereby.

3. In laying off a personal property exemption of a debtor, the property upon which there is no lien must first be exempted.

CIVIL ACTION tried before *Bryan, J.,* and a jury at February Term 1897 of BEAUFORT Superior Court. The facts are fully stated in the opinion on the former appeal, reported in 119 N. C., 26, which are, substantially, that the defendant Phillips, who was in partnership with defendant Warren's wife, sold to Warren his interest in a saddle and harness stock and business in January 1893 for $1250, taking Warren's notes in payment. In November 1894, defendant Warren executed a mortgage

to Phillips on the stock of goods to secure the payment of the said notes. The deed provided that Warren should remain in possession of the goods until the notes were paid; was to carry on the business and buy and sell for cash only and was to receive from the business, for his services, and to cover running expenses, $25 per week. After the payment of a part of the notes, an attachment was issued at the instance of the plaintiffs in this action the purpose of which was to set aside the deed as fraudulent. At the last trial, the jury, in response to issues, found that Warren made the conveyance with intent to defraud his creditors, and that Phillips had knowledge of such intent; that the value of the goods described in the mortgage was $1250, and that Mrs. Warren, wife of the defendant Warren, was not at any time a free trader.

Judgment was rendered as follows: "That the plaintiff recover of the defendant Thomas E. Warren, the sum of $862.12 with interest from the 14th day of January 1895 until paid, and the costs of this action (except that part taxed against plantiffs) to be taxed by the Clerk; and that the plaintiffs recover of the defendants Thomas E. Warren and George S. Phillips, principal and surety respectively, the sum of $1500, the penal sum of the bond given in this cause to vacate the attachment, to be discharged upon the payment to plaintiffs of the sum of $625, and that part of the costs of this action taxed against defendants." It was further ordered "that the said sum of $625, when paid, shall be credited on the $862.12."

Among the defendant's exceptions to the judgment rendered were the following:

"That the said judgment deprives the defendant T. E. Warren of all personal property exemption, and

makes a direct application of said Warren's half interest in the mortgaged property, or its value at the date of the mortgage, to the judgment against the said Warren for the debt due by him to plaintiffs. The defendants insist that if the said property was returned *in specie* to the Sheriff the defendant T. E. Warren would be entitled to have his personal property exemption assigned therefrom, if necessary, or from its ascertained value, if the property was not returned *in specie,* the said property having been replevied when levied on under the attachment herein.

"That the said judgment should declare that the defendant G. A. Phillips was not a partner with the defendants, and was not bound as such to plaintiffs for the debt sued on.

"That the said judgment should require that the property levied on under the attachment and replevied by the defendants should be returned *in specie* to the Sheriff, if the return thereof could be had, and that the Sheriff, after allotting to T. E. Warren his personal property exemptions under any execution issued by plaintiffs, sell the residue thereof to satisfy plaintiffs' demand; and, in the event that the said property cannot be returned *in specie,* then that the plaintiffs recover of the defendant T. E. Warren, and G. A. Phillips surety, the sum of $1,500, the penalty of said replevin bond, to be discharged upon the payment to plaintiffs of any surplus of the said T. E. Warren's half interest in the property, at the value ascertained by the jury at the time said attachment was levied, to-wit, $373.80, which may remain after the allotment of the said Warren's personal property exemption."

The defendants then insisted, that if the Court should decline to render the judgment as requested,

or to modify the judgment as requested, then that the Court should modify the judgment, and charge defendant Warren and his said surety with the ascertained value of his half interest in said property as of the date of the execution of the deed of trust and mortgage, to-wit, $625, subject to his right of personal property exemption."

The defendants appealed from the judgment rendered, assigning numerous errors.

*Mr. W. B. Rodman* for plaintiff.
*Mr. Chas. F. Warren* for defendants (appellants).

FURCHES, J.: This case has been here before and is reported in 119 N. C., 26. A new trial was awarded in that appeal, the case has been retried, and it is here again.

The record of this appeal contains 40 exceptions, many of them being the same in substance and effect, expressed in different forms and in different language. They have all been considered by the Court, but it is not deemed necessary or profitable to discuss them separately in this opinion. In our opinion they do not entitle the defendants to a new trial. None of the evidence introduced by the defendants, and none of the evidence offered and rejected by the Court (except that which was clearly incompetent, and so decided to be on former appeal) tended to disprove the facts that the Court had held in the former appeal made the conveyance fraudulent; and the burden of proof was on the defendant.

But in our opinion the judgment is erroneous, and the defendant's exceptions to this are sustained to the extent of causing it to be modified.

As it is found that the debts named in the trust and

mortgage to Arthur and to the defendant were *bona fide,* the defendant Phillips should not be held liable for the money paid on these debts before the levy of the attachment. The defendant Phillips should only be held liable to plaintiff for the value of T. E. Warren's half of the property at the date of the levy of the attachment. The defendant T. E. Warren is entitled to his personal property exemption. *Gamble* v. *Rhyne,* 80 N. C., 183; *Commissioners* v. *Riley,* 75 N. C., 144; *Duvall* v. *Rollins,* 71 N. C., 218.

It appeared on the former appeal that the defendant T. E. Warren, was the owner of $400 or $500 worth of personal property, not included in these assignments, and that there were judgments at that time against him in favor of other creditors. It is therefore probable that his personal property exemption has been assigned to him. If it has, he will be entitled to retain the same; and if it does not now amount in value to $500 he may have the deficiency made good by any other personal property he may have. And if there is a deficiency of said Warren's personal property, including what has heretofore been allotted to him as an exemption, as well as that which has not, to amount to $500, then this deficiency must be allowed him out of the amount of the plaintiff's recovery in this action. But as the plaintiff has a specific lien on the amount of his recovery, the defendant Warren's other personal property must be first resorted to in allotting this exemption, and the amount recovered by the plaintiff in this action can only be resorted to for the purpose of supplying any deficiency that may be after appropriating his other personal property.

If any part of the recovery of the plaintiff, based upon the value of the property attached, shall be taken

to make out the personal property exemption of the defendant T. E. Warren, this amount will be deducted from or entered as a credit on the judgment against the defendant Phillips, but not as against Warren.

We see no reason why the plaintiff should not recover his costs against both defendants, Warren and Phillips. The judgment will be modified as indicated in this opinion.

Modified and affirmed.