## FARMERS MANUFACTURING CO. v. STEINMETZ.

(Filed October 20, 1903.)

1. EVIDENCE—*Pleadings—Appeal.*

> Where the trial judge allows a party to introduce in evidence certain parts of the pleadings of the opposite party, the latter may himself introduce so much of his own pleadings as may be necessary to explain any admission in the part offered by the other party, and the amount allowable is discretionary with the judge, except in case of palpable abuse.

2. ATTACHMENT — *Judgments — Ancillary Proceedings — The Code, sec. 370.*

> Where ancillary proceedings of attachment are brought with the main action, and the attachment is not discharged, it is not error to condemn the attached property for sale to pay the judgment, as the sheriff would be required to sell the same upon issuance of execution.

ACTION by the Farmers' Manufacturing Company against C. M. Steinmetz, heard by Judge *R. B. Peebles* and a ˙jury, at February Term, 1903, of the Superior Court of DUPLIN County. From a judgment for the plaintiff the defendant appealed.

*Carlton & Williams,* for the plaintiff.
*Simmons & Ward, J. A. Gavin, Jr.,* and *Stevens, Beasley & Weeks,* for the defendant.

CLARK, C. J. This was an action to recover an alleged indebtedness with ancillary proceedings of attachment against the defendant as a non-resident. There are but two exceptions:

1. The defendant having offered in evidence the third paragraph of the complaint, the plaintiff was allowed to offer the

MANUFACTURING CO. *v.* STEINMETZ.

rest of the complaint over the defendant's exception. In *Spencer v. Fortescue,* 112 N. C., 269, it is held that the whole admissions in the pleadings must be taken together; therefore, where in an action upon a note the plaintiff offered part of the defendant's answer admitting the debt, it was proper to admit as evidence for the defendant the other part of the answer qualifying such admission—quoting 1 Greenleaf Ev. (14 Ed.), 201. The rulings are uniform that the pleadings are not evidence unless introduced as such, *Smith v. Nimocks,* 94 N. C., 243; *Greenville v. Steamship Co.,* 104 N. C., 91; that merely reading the pleadings before the jury does not put them in evidence, *Smith v. Smith,* 106 N. C., 498; that a party can put in evidence part of his antagonist's pleadings, *Gossler v. Wood,* 120 N. C., 69; that while a party cannot introduce his own pleadings as evidence for him, they being merely his declarations in his own interest, *Austin v. King,* 91 N. C., 286, yet when the adverse party has introduced part of one's pleadings, he can then introduce himself so much of the rest of his pleadings as may be necessary to explain any admission in the part put in evidence by his opponent, *Spencer v. Fortescue, supra.* How much of a party's own pleading may thus be introduced as explanatory is a matter for the presiding Judge, except in case of palpable abuse or when it appears that material damage was caused by the admission of more of a party's own pleading than was necessary in explanation. The jury understand that it is the party's own declaration, and not proof, and that it is only offered to prevent his being prejudiced by the previous introduction of a part of his pleading as an admission and to explain it. We do not see that such harm was done here.

2. The second exception is that "the plaintiff offered no evidence as to the allegations in the affidavit and application for attachment, and no issue was submitted as to them. The Court, after the verdict, inspected the sheriff's return on the

warrant of attachment and entered as part of the judgment the following words: 'And it appearing that certain property was levied on by an attachment issued in this action, which will appear by reference to the sheriff's return, it is further considered and adjudged that said property be and the same is hereby condemned to pay said judgment, interest and costs of this action, and that a *venditioni exponas* issue directing a sale of said property for that purpose.'" The defendant, in an affidavit in the cause, denied that he was a nonresident, and alleged that he was only temporarily absent from the State. He entered, however, a general appearance; he did not move to dissolve the attachment and tendered no issue as to non-residence, and did not except to those submitted. The attachment is simply a levy before judgment, and upon execution issuing on the judgment it is the duty of the sheriff to sell the attached property. The Code, sec. 370; *Gamble v. Rhyne*, 80 N. C., 183. In some States it has been held that a personal judgment, unaccompanied by an order for sale of the attached property, will effect a dissolution of the attachment. 3 Am. & Eng. Enc. (2 Ed.), 242, and cases cited. That point does not seem to have been decided in this State, but if, as the defendant contends, such order need not have been embraced in the judgment, he has suffered no detriment.

No error.