Circuit Court of Cuyahoga County.

CARL J. HAKER v. JOHN SERHANT AND BERKLEY PEARCE.

Decided, January, 1904.

*Exemptions—Set-off—Exemptions a Personal Privilege—Right of Set-Off Not Defeated by Assignment of Judgment.*

1. The assignment of a judgment does not defeat the right of set-off.
2. The right to exemptions is personal and can not be transferred to the assignee of a judgment against which the right to a set-off existed.

WINCH, J.; HALE, J., and MARVIN, J., concur.

Plaintiff in error brought this action in the court of common pleas against the defendants in error alleging that on February 1, 1900, defendant, John Serhant, recovered a judgment for $19.08 against the plaintiff; that on February 6, 1900, plaintiff recovered a judgment for $25 against defendant, John Serhant; that on February 8, 1900, defendant, John Serhant, assigned his judgment to defendant, Berkley Pearce; that John Serhant is insolvent. The prayer of the petition is that so much of the last judgment as may be necessary be set off against the first judgment and for equitable relief.

The defendants answering, admit all the allegations of the petition but allege that at the time John Serhant assigned his judgment to Berkley Pearce the former was the head of a family and entitled, under the laws of Ohio, to hold said judgment as part of his exemptions.

To this answer a demurrer was interposed and the demurrer being overruled, judgment was entered against the plaintiff

and he has filed his petition in error in this court to reverse the said judgment.

Authority for bringing this action, if not found in the statutes, is contained in the case of *Barbour* v. *The Bank*, 50 O. S., 91. Plaintiff is not deprived of his right to set off his judgment against John Serhant by the assignment to Berkley Pearce. Section 5073, Revised Statutes.

Had the assignment not been made, there is authority for the claim of counsel for defendants that a set-off will not be ordered against a judgment which a debtor is entitled to hold as property exempt from execution (*Diehl* v. *Friester*, 37 O. S., 473). This proposition, however, was not the precise point before the court in the latter case. Judge Okey in referring to such holdings cites the following cases: *Duff* v. *Wells*, 7 Heiskell (54 Tenn.), 17; *Wilson* v. *McElroy*, 32 Pa St., 82; *Beckman* v. *Manlove*, 18 Cal., 388; and *Curlee* v. *Thomas*, 74 N. C., 51.

The first three cases cited by Judge Okey involved attempts on the part of judgment creditors to circumvent the exemption laws by seizing property of their debtors, and then suffering judgments therefor to be rendered against themselves, which they asked to be *set off* against their own claims. The last case, *Curlee* v. *Thomas*, 74 N. C., 51, involved a similar fraud. There are no such circumstances in this case.

The North Carolina case, without being overruled, is followed by the case of *Lane* v. *Richardson*, 104 N. C., 642, where it was held that as far as personal property was concerned, the right of exemption is personal to the debtor, and it loses its quality of exemption as soon as it is transferred. This case sets forth the rule to be followed in a case like the one at bar, and is the rule in Ohio.

"While the exemptions in favor of debtors are, by statute, tendered and extended to all alike who fall within the provision of it, yet no rule is better settled than this: that these statutory rights in cases where the exemption depends upon selection or demand, as in cases like this, may be waived in terms, or impliedly, by failing to assert the right or make the demand at the proper time, and the right can not be negotiated or transferred.

"The general right is statutory, the particular right is strictly personal and in practice becomes simply a personal privilege, to be asserted or not at the will of the person in whose favor the right exists." *Conley* v. *Chilcote*, 25 O. S., 320.

John Serhant's right of exemption depended upon selection or demand which he failed to make before assigning the judgment; it was thereby waived. He now has no interest in the judgment and therefore can claim no rights of exemption or otherwise in it. He could not transfer his right of exemption to Pearce, and Pearce can therefore assert no right of exemption. Neither does the assignment of the judgment defeat the right to set-off. Section 5073, Revised Statutes.

The demurrer should have been sustained and for error in overruling it the judgment is reversed.