CHARLES ROSE ET AL. v. D. T. BRYAN ET AL.

(Filed 27 November, 1911.)

**Homestead—Ownership and Occupation—Deeds and Conveyances—Fraud.**

When the owner of lands has had his deed thereto to his wife set aside by his creditors as fraud upon them (Revisal, secs. 961-963), and has continued in the occupation of the lands, he is still entitled to his homestead interest therein. Revisal, sec. 686, has no application. *Sash Co. v. Parker,* 153 N. C., 130, cited and distinguished.

APPEAL by plaintiffs from *Ward, J.,* at March Term, 1911, of NASH.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Jacob Battle for plaintiffs.*
*T. T. Thorne for defendants.*

CLARK, C. J. On 7 November, 1908, the defendant O. Sadler made an assignment of all his property, including this lot of

land and dwelling-house, for the benefit of creditors, specifying therein that the trustee should reserve and set apart his homestead exemption in said lot. On 28 December, 1908, Sadler conveyed said lot to his wife without any consideration. Soon thereafter the plaintiffs docketed their judgments.

The court set aside the conveyance to the wife as void in regard to the plaintiffs, but adjudged that the debtor, O. Sadler, was entitled to have his homestead set apart in said lot. The plaintiffs excepted, and that presents the only point before us.

Sadler being insolvent, the deed of gift to his wife was fraudulent at law and void as to his creditors (Revisal, 961-963); but when the deed was set aside the judgment debtor was entitled to claim his homestead in the land conveyed. *Crummen v. Bennett,* 68 N. C., 494; *Arnold v. Estis,* 92 N. C., 162; *Rankin v. Shaw,* 94 N. C., 405; *Dortch v. Benton,* 98 N. C., 190. The land is still occupied by Sadler and he is a resident of the State, and hence entitled to his homestead. The court having declared the deed of gift to his wife void, he holds the title, as to these plaintiffs, as if no deed had been executed.

Revisal, 686, applies only to the "allotted homestead," which it provides "shall be exempt from levy so long as owned and occupied by the homesteader or by any one for him; but when conveyed by him in the mode authorized by the Constitution, Art. X, sec. 8, the exemption thereof ceases as to liens attaching prior to the conveyance. The homestead right being indestructible, the homesteader who has conveyed his allotted homestead can have another allotted, and as often as may be necessary." This section has no application to this case.

The plaintiffs rely also upon *Sash Co. v. Parker,* 153 N. C., 130. That also has no application. There a judgment having been docketed, the judgment debtor and his wife subsequently conveyed the land out of which the homestead might have been allotted, and the grantee took possession. The Court held that the judgment debtor, not "owning and occupying" the land, was not entitled to have a homestead allotted therein, and that it was subject to sale under the lien of the docketed judgment. This has been cited with approval, *Fulp v. Brown,* 153 N. C., 533; *Davenport v. Fleming,* 154 N. C., 293. The

judgment debtor there having in a legal mode conveyed his interest in said land and given possession thereof, was no longer "owner and occupier" of said land, and therefore could not claim a homestead therein, and the purchaser had no right to claim the homestead of another man against the lien of a judgment docketed against the property before he bought it.

The judgment below is
Affirmed.