WHITMORE-LIGON COMPANY, Inc., v. R. B. HYATT, SHERIFF OF EDGE-
COMBE COUNTY, S. A. GARDNER AND R. E. FULFORD.

(Filed 20 February, 1918.)

1. **Statutes—Vendor and Purchaser—Merchandise in Bulk—Police Powers—
Constitutional Law.**

    Statutes regulating the "sales of merchandise in bulk" are a valid exer-
    cise of the police power of the State. Pell's Revisal, 964a, as amended.

2. **Statutes—Vendor and Purchaser—Merchandise in Bulk—Void Sales.**

    A "sale in bulk of a large part or the whole of merchandise" under the
    conditions set forth in our statute, without an inventory and proper no-
    tice to creditors, or without an adequate or proper bond to account for
    the proceeds, is absolutely void as to creditors and may be made available
    for their debts and claims.

3. **Same—Exemptions and Executions.**

    A vendor of merchandise in bulk which is void under our statute is not
    deprived of his right to his personal property exemption under execution
    of his judgment creditor.

4. **Sheriffs—Exemptions—Fees Demanded.**

    Where the judgment debtor claims his personal property from execu-
    tion, the sheriff is justified in refusing to proceed further till such exemp-
    tions are properly set apart, and the payment of his fees for the purpose
    by the plaintiff in the action, except when the suit is brought *in forma
    pauperis.* Revisal, sec. 1275.

CIVIL ACTION, heard on demurrer to complaint by *Daniels, J.,* at No-
vember Term, 1917, of EDGECOMBE.

The action was in part against the defendant sheriff, to compel the
sale of certain goods levied on under an execution in plaintiff's favor
against defendant S. A. Gardner, judgment debtor, and without setting
apart the personal property exemptions of said Gardner, as requested
by him, and also to recover certain penalties against said sheriff by rea-
son of other defaults in the enforcement of said process. The claim for
specific penalties having been withdrawn, the demurrer of the sheriff
to plaintiff's first cause of action was sustained, and plaintiff, having
duly excepted, appealed.

There were other facts stated in the complaint looking to further
recovery by plaintiff against S. A. Gardner, vendor, and his codefendant,
R. E. Fulford, vendee, arising by reason of a sale of goods from the
former to the latter without any compliance with the requirements of
the statute regulating taxes of merchandise in bulk, as set forth in Pell's
Revisal, 964a, amended by Laws 1913, Extra Session, ch. 66; Gregory's
Supp., p. 108; but, as judgment on that feature of the case was rendered
against said defendants and they do not appeal, the questions relevant
to the claim against these parties is not presented.

*James M. Norfleet for plaintiff.*
*A. W. MacNair for defendant Gardner.*
*W. O. Howard for defendant Hyatt.*

HOKE, J. It appears from the complaint that S. A. Gardner, a retail merchant, in October, 1916, sold his stock of goods in bulk to his code-fendant R. E. Fulford without in any way complying with the require-ments of the statute regulating such sales, Pell's Revisal, sec. 964a, and Gregory's Supp., same section, p. 108; that plaintiff, a creditor of the vendor, by reason of goods sold, delivered and unpaid for, instituted his action before a justice of the peace and recovered judgment for the then debt, $78.76 and costs, and that execution thereon having been placed in the hands of the defendant sheriff, he levied on the stock of goods re-maining unsold and thereupon the fraudulent vendor, having requested that his personal property exemption be set apart to him, the sheriff, demanding that his fees for the purpose be paid by plaintiff, a position allowed by the law (*Lute v. Reiley,* 65 N. C., 20), except when the suit is *in forma pauperis,* Revisal, sec. 1275, declined to proceed further with-out the setting apart of the exemption as claimed.

It appeared, further, from the complaint that Gardner was insolvent and had no property other than the interest that might arise to him on their goods or the balance due on the purchase price, and further, that Fulford is also insolvent, the amount of goods remaining on hand and in his possession at the time of levy being about $125.

Upon these facts, admitted by the demurrer to be true, we concur in the view of the court below and are of opinion that the vendor is entitled to his exemption and the sheriff was justified in refusing to proceed further till such exemptions were properly set apart.

Prior to the enactment of the "sales in bulk" statute, it has been re-peatedly held with us that when an insolvent debtor has made disposi-tion of his property, real or personal, with the fraudulent intent to avoid the payment of his debts and the conveyance has been successfully assailed by the creditors and the property, by judicial proceedings, made available on the vendor's debts, the latter is entitled to his homestead or personal property exemption, or both, according to the nature of the property. *Cowan v. Phillips,* 122 N. C., 70; *Gaster v. Hardie,* 75 N. C., 460; *Board v. Reiley,* 75 N. C., 144; *Duvall v. Rollins,* 71 N. C., 218; *Crummen v. Bennet,* 68 N. C., 494.

Speaking to the position and the basic reason for it, *Chief Justice Pearson,* in the *Crummen case, supra,* said: "A makes a conveyance of his land to B, which conveyance is fraudulent and void as against the creditors of A. A creditor takes judgment and issues execution, treating the conveyance to B as void; can the homestead of A be sold? The creditor treats the conveyance to B as void and of no effect; take that

to be so, how can the creditor have any more right against A than he would have had if the conveyance had not been made? We can see no ground to support the position that an attempt to commit a fraud is a forfeiture of the debtor's homestead; there is no provision of the kind, either in the Constitution or the statutes."

It has been also held in several well-considered opinions that the legislation regulating the "sales of merchandise in bulk" should be upheld as a valid exercise of the police power, and that a "sale in bulk of a large part or the whole of a stock of merchandise" under the conditions set forth in the statute, without an inventory and proper notice to creditors or without an adequate and proper bond to account for the proceeds, is absolutely void as to creditors and may be made available for their debts and claims. *Gallup v. Rozier,* 172 N. C., 283; *Pennel v. Robinson,* 164 N. C., 257.

Applying the principle of these various decisions, we see no reason why the position upheld in the first class of cases should not be controlling in the second. In the one, the conveyance is avoided because made with a fraudulent intent. In the other, because of noncompliance with the statutory requirements, but both proceed on the theory that, as to creditors and their claims, the property did not pass, and, if this position is established and the property is held to be still in the debtor, then the incidents of ownership must attach and such debtor becomes entitled to the homestead and personal property exemptions allowed him by the constitution and laws of the State.

In the cases cited and chiefly relied upon by the appellant, *Daly v. Drug Co.,* 127 Tenn., 412, and *Marlow v. Ringer,* 91 S. E., 386 (W. Va.), the question of the debtor's right to his exemptions was not presented or considered and the decisions do not seem to be apposite to the facts of this record. In those cases, it was held, among other things, that legislation of this character is valid; that the transactions in those particular cases were within the provisions of the statute and that the vendee, in such sale, could be held liable to creditors for the value of the goods sold by him.

This last position seems to have been recognized in the present instance, for we find that judgment has been entered for plaintiff against both the vendor and vendee for the amount of plaintiff's claim, this on allegation that a large amount of the goods has been sold by the vendee.

As heretofore stated, however, this question is not involved in the present appeal, which was taken from a judgment upholding the vendor's right to his personal property exemptions on final process against the goods and which, as we understand the record, had been levied on as the property of the vendor.

There is no error in this judgment appealed from and the same is
Affirmed.