JOHN M. CRUMMEN v. CYRUS BENNET et al.

A grantor, who makes a conveyance of his land, which is fraudulent as to his creditors, does not thereby forfeit his right to a homestead as to such creditors. They can sell under an execution only the remaining part of his land, leaving the homestead to be contested between the alleged fraudulent grantor and grantee.

This was an action brought to recover real property, and tried before his Honor, *Buxton, J.*, at the Spring Term, 1872, of MOORE Superior Court.

On the trial there was much evidence offered on both sides, consisting of judgments, executions, deeds and parol testimony; but for the understanding of the case as it was decided in the Supreme Court, it is only necessary to state the following facts:

The plaintiff was a creditor of Cyrus Bennet, one of the defendants, who owned the land in question, and obtained judgment for his debt in 1869, and had the land sold under an execution issued thereon. Prior to that time, in 1868, the defendant Bennet conveyed the land to the other defendant Currie, under circumstances which it was alleged rendered the deed fraudulent as to Bennet's creditors. Among the objections which were made to the plaintiff's recovery was this, that Bennet was entitled to a homestead in the land and that it had not been laid off to him.

His Honor after recapitulating the evidence, submitted the following issue to the jury: Was the conveyance by Cyrus Bennet to James L. Currie *bona fide*, made upon good consideration, without notice? If so, the jury should find for the defendant; if not so, they should find for the plaintiff. There was a verdict for the plaintiff, upon which, after an ineffectual rule for a new trial, judgment was rendered, from which the defendants appealed.

*N. McKay, J. D. McIver* and *B. & T. C. Fuller*, for plaintiff.

*Howze* and *McDonald,* for defendant.

PEARSON, C. J.   A makes a conveyance of his land to B, which conveyance is fraudulent and void as against the creditors of A.   A creditor takes judgment and issues execution, treating the conveyance to B as void; can the homestead of A be sold?   The creditor treats the conveyance to B as void and of no effect;. take that to be so, how can the creditor have any more right against A than he would have had if the conveyance had not been made?   We can see no ground to support the position, that an attempt to commit a fraud is a forfeiture of the debtor's homestead; there is no provision of the kind either in the Constitution or the statutes.   The only legal consequence of a deed with an intent to defraud creditors is, that although valid as between the parties, it is void as to creditors.

In this case, the fraud did not consist in conveying the homestead; for the creditor could not have reached that by his execution had the debtor retained his homestead; but the fraud was in conveying the other part of the land.   That, the creditor can reach by his execution.   As to the homestead, he has no concern; that matter will rest between the fraudulent donor and donee.

Error.

PER CURIAM.                              *Venire de novo.*