(322) In his complaint the plaintiff alleges, that at January Term, 1872, of Rowan Superior Court, he recovered a judgment against one Styres; that on the 3d July, 1873, he caused an execution to issue on such judgment which came regularly into the sheriff's hands. Plaintiff further alleges, that at the time the judgment was docketed, Styres owned in fee a tract of land in said county, of sixty-nine acres, or thereabouts; that in September following, Styres and wife conveyed said tract of land to one Long for the purpose of defrauding the creditors; and that soon thereafter the plaintiff demanded of the sheriff the defendant herein, that he should sell the land, notwithstanding the conveyance to Long. That the sheriff advertised the same to be sold, but afterwards refused to sell on account of the homestead law. Plaintiff then demanded that the reversion in said land after the provisions of *Page 267 
the homestead was complied with, should be sold, which the defendant refused.
The defendant admits most of the allegations in the answer and states, that he caused Styres homestead and personal property exemption to be laid off, which took his land and all his personal property, and that he refused, acting under advice to sell the reversionary right of Styres.
His Honor being of opinion that the plaintiff had not made out a sufficient case to authorize a mandamus, dismissed the case, whereupon the plaintiff appealed.
The question as to whether mandamus will lie to compel a sheriff to sell land under a fieri facias is waived by treating this as a rule upon the sheriff in the case, Jones v. Styres, to show cause why he shall not be ordered as an officer of the Court to execute the writ.
Treating it in that way the sheriff shows for cause the homestead act and the act of 1870-71, forbidding the sale of reversionary interest or estate after the homestead expires.
At common law land was not liable for debts, and a party was trusted on the faith of his personal property and the remedy against his body.
Statute Elegit, 13 Edw. 1, gave the creditor a right to extend the one-half of the debtors land at a yearly valuation until the debt was discharged. Our statute of 1784 subjected land to sale. The act of 1872 subjects trusts, estates and equities of redemption to sale under execution.
Clearly the General Assembly has power to repeal these statutes, and there could be no objection on the score of impairing the obligation of contracts, provided the repealing act was confined to debts thereafter contracted. The homestead act and the act forbidding the sale of the reversion until after the homestead estate runs out, are in effect only partial repeals of the then statutes above referred to.
The debt in our case was contracted in 1872, (as we infer from the manner in which the case is stated, and from what was said on the *Page 268 
argument,) so this partial repeal of the act of 1874 does not impair the obligation of the contract sued on. The plaintiff at the time he gave the credit had notice that he could not subject the land, unless there was an excess over and above the value of the homestead.
(324) We are unable to see how the deed from Styres and wife to Long can effect the question, for supposing it be fraudulent and void as to creditors, it cannot have the legal effect to enlarge the rights of creditors, so as to put the homestead out of the way. Crummen v.Bennett, 68 N.C. 494.
We concur in the ruling of his Honor, and order "the rule" to be discharged at the cost of the plaintiff.
PER CURIAM. Judgment affirmed.