W. D. GASTER v. R. W. HARDIE, Sheriff, and M. A. BAKER.

As between debtor and creditor, the debtor is entitled to his exemptions, whether he has made no conveyance of his property, or has made one fraudulent as to creditors.

A debtor is entitled to his personal property exemptions in an equity of redemption in personal property subject to mortgage.

In an action by a debtor for injunction against a judgment creditor about to sell property under execution upon which there are mortgages, which the judgment creditor claims to be fraudulent: *Held*, that the mortgagees should be made parties to the action, in order that the rights of all concerned may be determined in one action.

(*Crummen* v. *Bennet*, 68 N. C. 494; *Cheatham* v. *Jones*, ib., 153; *Duval* v. *Rollins*, 71 N. C. Rep., 218; *Curlee* v. *T homas*, 73 N. C. Rep., 51, cited and approved.)

This was a CIVIL ACTION for injunction and other relief, brought to Spring Term, 1876, of the Superior Court of CUMBERLAND County, and heard before his Honor, Judge BUXTON, at Chambers, May 23d, 1876.

The plaintiff alleged in his complaint that in the month of December, 1875, he purchased from one W. C. Troy a lot of horses and buggies, and borrowed from him at the same time $200, and to secure the payment of the purchase money and the loan, executed to Troy a mortgage of certain personal property, including the said horses and buggies. That afterwards plaintiff borrowed other money and executed two additional chattel mortgages to secure its payment upon the same property.

That on the 1st day of May, 1876, the defendant Baker obtained certain judgments against the plaintiff in a Justice's Court, amounting in all to $471.51, and caused executions to be issued thereon and placed in the hands of the defendant Hardie, sheriff of Cumberland County. That Hardie thereupon proceeded to have plaintiff's personal

property exemption set apart to him, and to that end summoned appraisers who allotted to the plaintiff his exemption, as follows: "We viewed and appraised the following articles of personal property of said W. D. Gaster, as by schedule annexed, amounting to $964.50. We find mortgages on said property of $1,013.50 duly recorded, and more than sufficient to cover the valuation of the property, and find no excess over said mortgages to allot except the equity of redemption of said property, which we lay off to him."

That defendant Hardie, at the instance of Baker, had levied upon the said personal property and advertised it for sale.

Plaintiff asked that defendants be restrained from selling and that Hardie be required to return the property levied on to plaintiff, and for such other relief as he might be entitled to.

Upon the complaint his Honor, Judge SCHENCK, on May 11th, granted a temporary restraining order and required defendants to show cause, on May 23d, why an injunction should not be granted as prayed for.

To this complaint the defendants demurred. The defendant Hardie demurred upon the ground that an injunction could not be granted against him in his official capacity to prevent the execution of process in his hands. The defendant Baker demurred upon the ground that there was a defect of parties, the mortgagees being interested parties, and not made parties to the action, and upon the further grounds that fraud in fact on the part of the plaintiff was apparent upon the face of the complaint and the mortgages, which were made part of the pleadings.

The cause being heard upon complaint and demurrer before his Honor, Judge BUXTON, on May 23d, he made the following order:

"Fraud or no fraud, the right of the plaintiff to $500 personal exemption is paramount to the right of the defendant

Baker as creditor. The right of the plaintiff has been disregarded by the defendants under color of process of law. So far as the defendant Hardie is concerned, as he was acting as agent of Baker (under a bond of indemnity), and in his capacity of sheriff, the proceedings may be dismissed with costs; but he must notice the order of the Court herein made. Upon the defendant Baker paying into Court $500 for the benefit of the plaintiff these proceedings will be dismissed as to him also at his costs. If, however, he fails to make this payment in five days from notice of the order, then the injunction prayed for is hereby granted and continued to the hearing; and in the meanwhile the plaintiff is directed to amend his summons and complaint by making the alleged mortgagees parties defendant. Upon doing which the demurrer will be overruled, and the parties required to answer."

His Honor also directed that plaintiff be required to give bond in the sum of $500, to indemnify Baker, before the issuing of the injunction.

From this order the defendant Baker appealed.

*W. A. Guthrie*, for appellant.
*G. M. Rose*, contra.

BYNUM, J. The defendant obtained judgment and caused executions to issue against the property of the plaintiff. The sheriff caused the personal property exemption to be laid off, and the appraisers made the following return: " We viewed and appraised the following articles of personal property of said W. D. Gaster as by annexed schedule, amounting to $964.50. We find mortgages on said property of $1,013.50, duly recorded, and more than sufficient to cover the valuation of the property; and find no excess over said mortgages to allot off, except the equity of redemption in said property, which we lay off to him."

Notwithstanding this allotment the defendant caused the said property to be levied upon and advertised for sale under the executions.

The plaintiff then filed his complaint setting forth these facts, and obtained an injunction against the sale unless the defendant should pay into Court $500 for the use of the plaintiff as his personal property exemption. The defendant demurred to the complaint, which being overruled, and the injunction and order above recited having been given, he appealed to this Court. Had the defendant submitted to the terms of the Court and paid the $500 in lieu of the exemptioner's claim in the property, the contest for the property levied on would have been narrowed down between the mortgagees and the execution creditor, where it should properly be. For it is well settled that as between the debtor and the creditor the debtor is entitled to his exemption, whether he has made no conveyance of his property at all, or has made one fraudulent as to his creditors. *Crummen* v. *Bennett*, 68 N. C. Rep., 494 ; *Duval* v. *Rollins*, 71 id., 218. It is equally well settled that the debtor is entitled to the homestead in an equity of redemption in lands, subject to the mortgage debt; and to the personal property redemption in judgments, notes and other choses in action. *Cheatham* v. *Jones*, 68 N. C. Rep., 153 ; *Ourlee* v. *Thomas*, 74 id., 51.

It follows that the debtor has the exemption right in an equity of redemption in personal property, which is a valuable interest. As the defendant assumed that the mortgages were fraudulent and void as to him, and that the title to the property was still in the debtor, he certainly had no right to do less than have his exemption in $500 worth of the property itself allotted and set apart to the debtor, and then levy upon the excess. But even in that case the plaintiff would still be entitled to his injunction against the sale of the excess upon the allegations of his complaint that the mortgages were *bona fide* and not fraudulent.

For suppose the mortgage debt to be $500 and the property mortgaged to be, as here, $964.50 in value. The mortgagee would be first entitled to his debt, and the excess of $464 would go, not to the execution creditor, but to the debtor as his personal property exemption. But suppose the mortgaged property exceeds in value both the personal exemption and the mortgage debt, or that the mortgage is fraudulent and void against creditors, and in both cases the entire equity of redemption is allotted to the exemptioner. Here three parties are concerned, the creditor, debtor and mortgagee, each claiming adversely to the other. Evidently the rights of the parties cannot be ascertained and administered in an action by the creditor against one only of the other parties, or by a levy and sale of the property as belonging to one only of two adverse claimants. It would be the duty of the creditor in such cases to institute an action against all the adverse claimants in the nature of a bill in equity. The prayer of the complaint would be to foreclose the mortgage if it is not impeached for fraud; to sell the property, pay the mortgage debt first; next, allot the exemption to the debtor; and lastly, pay so much of the residue to the execution creditor as would satisfy his judgment. If the mortgage is impeached for fraud, the prayer would be to set aside the mortgage deed, sell the property, and out of the proceeds first allot the exemption; next, pay the execution creditor; and lastly, pay the residue to the fraudulent mortgagee or the debtor, as their rights might be adjusted between them.

This course avoids a multiplicity of suits by bringing all the parties before the Court and settling their respective rights in one action.

In the present action, the demurrer admits the allegations of the complaint, and assigns as cause of demurrer that the mortgages set out in the complaint are fraudulent or void as to creditors upon their face. We think otherwise. They

GASTER *v.* HARDIE, Sheriff, and BAKER.

are executed to secure debts not alleged to be fraudulent, and they run an unusually short time before they may be foreclosed, and they secure to the debtor no unusual benefit before forfeiture. Certainly no personal advantage is secured to him which will authorize this Court to declare the mortgages void in law upon their face.

We are to assume, then, that the mortgages are valid; and it appears therefrom that the debt is greater than the value of the property conveyed. If the defendant believed that more was conveyed than would be sufficient to discharge the mortgage debt and the debtor's exemption, it was competent for him to compel a foreclosure and sale, and thus ascertain how the matter was and secure the excess, if any, to be applied to his debt. Failing in that, the possession of the property by the debtor, no matter what its value, was a matter in which no one had any concern except the mortgagor and the mortgagees.

If the defendant intended to contest the validity of the mortgages, he should have accepted the terms imposed by the Court below, as conditions precedent to the dissolution of the injunction.

As it is, the injunction will be continued until the hearing, with leave to make the mortgagees parties to this action, and to amend the pleadings so as to ascertain, declare and enforce the respective rights of the parties, in this one action.

With this modification, the judgment is affirmed.

PER CURIAM.        Judgment modified and affirmed.