ISAAC F. DORTCH et al. v. JESSE S. BENTON and wife NANCY I., and W. H. JOHNSON.

*Fraud—Homestead—Personal Property Exemption—Conversion—Vendor and Vendee.*

1. One who makes a conveyance of his lands with intent to defraud his creditors does not thereby forfeit his right to a homestead therein.

2. A purchaser of land under an executory contract, who has paid a portion of the price, at once become entitled to a homestead therein subject to the lien for the unpaid purchase money.

3. Money or other personal property invested in the purchase of land is thereby converted into realty and the owner is not entitled to have it set apart to him as "personal property exemption."

(*Duval* v. *Rollins,* 71 N. C., 218; *Rankin* v. *Shaw,* 94 N. C., 405; *Mebane* v. *Layton,* 89 N. C., 396, and *Crummen* v. *Bennet,* 68 N. C., 494, cited and approved).

CIVIL ACTION, tried before *Shepherd, Judge,* at January Term, 1887, of WAYNE Superior Court.

The plaintiffs are creditors of the husband defendant, and it appears that the latter being insolvent, purchased the tract of land described in the complaint at the price of $3,500; that of this price he paid the sum of $1,600, and with the view to defraud and in fraud of his creditors, he procured the title to the land to be made to his wife, the *feme* defendant, and he and she at once executed a mortgage of the same

to the defendant, W. H. Johnson, to secure the balance of the purchase money mentioned. The husband and wife insisted that notwithstanding the fraud as ascertained by the verdict of the jury, they were entitled to a homestead in the land and personal property exemption, subject to the mortgage referred to. The Court gave judgment for the plaintiffs, allowing a personal property exemption of $500 to the husband. The husband and wife having assigned error, appealed to this Court.

*Mr. J. W. Bryan*, filed a brief for the plaintiffs.
*Messrs. R. W. Allen* and *S. W. Isler*, for the defendants.

MERRIMON, J., (after stating the case). It was decided in *Crummen* v. *Bennet*, 68 N. C., 494, that a party who conveyed his lands to another in fraud of his creditors, did not thereby forfeit his homestead, and leave it subject to be sold under execution to pay his debts, because as to it, the conveyance was not fraudulent—the creditor could not have sold it, if the conveyance had not been made—it was not subject to be sold under execution; in that respect he suffered no detriment. The fraud consisted in conveying the land—that part of it not embraced by the homestead; this was subject to be sold under the execution, and the conveyance as to it was therefore fraudulent and void as to the creditor. The latter had no interest as to the homestead; that was a matter between the debtor and the person to whom he made the conveyance. *Duval* v. *Rollins*, 71 N. C., 218; *Rankin* v. *Shaw*, 94 N. C., 405, and cases there cited.

· The husband defendant had the right to purchase the land in question, and having done so, and paid $1,600 of the purchase money, he at once became entitled to a homestead in it, subject to the charge of the balance of the purchase money remaining unpaid, and debts as to which the homestead is not exempt from execution or other final pro-

cess, as pointed out in *Mebane* v. *Layton*, 89 N. C., 396. The homestead in the land thus purchased was not subject to sale under the execution to satisfy the debts of the plaintiffs—they had no interest it, and it was not therefore as to them fraudulent for the husband to cause the title as to it to be conveyed to his wife. The conveyance was, however, fraudulent as to the excess above the homestead as to creditors, and to that extent the plaintiffs had the right to have the land sold to pay their debts, subject to the mortgage debt— the balance of the purchase money thereof.

If the husband defendant had not employed the money he had in the purchase of the land, he might have been entitled to the personal property exemption to be taken out of it, but he chose to employ the money in the purchase of the land—he thus turned it into real estate, and thereby precluded himself from the right to the personal property exemption to be assigned out of it. The money ceased to be personal property of the defendant—he turned it into land, as he had the right to do. He was therefore entitled to the homestead and not to the personal property exemption. And as to the homestead, that was a matter between the husband defendant and his wife, to whom he caused the conveyance to be made.

There is error. Let this opinion be certified to the Superior Court to the end the judgment may be modified in conformity with it, and as thus modified affirmed.

Error.                                        Reversed.