L. C. YOUNGER et al v. M. RITCHIE et al.

*Action to Set Aside Fraudulent Conveyance of Homestead.*

Whatever doubt might have existed as to the right of creditors holding docketed judgments to have immediately set aside as fraudulent, and as a cloud on their title, a conveyance by the owner of a homestead upon which such judgments are a lien, they were removed by Ch. 78, Acts of 1893, which provides that the fact that the lands do not exceed in value the homestead exemption shall be no defence, but prohibits the sale of the land until after the expiration of the homestead.

CIVIL ACTION, tried at Spring Term, 1895, of STANLY Superior Court, before his Honor *W. S. O'B. Robinson, Judge.*

The action is in the nature of a creditor's bill brought by a large number of creditors to set aside certain deeds executed by the defendant M. Ritchie to his wife and son,

the other defendants. The debts due the plaintiffs were admitted. The deed from the defendant M. Ritchie to his wife M. A. E. Ritchie for the lands described in the complaint recited only a nominal consideration of one dollar, and the complaint alleged that the said deed was made with intent to hinder, delay and defraud the creditors of the said defendant M. Ritchie, and that the said Ritchie did not reserve any property out of which to pay his debts. The plaintiffs having admitted that the lands embraced in the deed from the defendant M. Ritchie to the defendant M. A. E. Ritchie, his wife, were worth less than the sum of one thousand dollars, the Court thereupon intimated an opinion that the plaintiffs could not recover judgment setting aside said deed, for the reason that the defendant could not make a conveyance in fraud of his creditors of lands worth less than his homestead, he being still a resident of this State.

In deference to this intimation of the opinion of the Court, the plaintiffs submitted to a judgment of nonsuit and appealed.

*Messrs. Brown & Jerome*, for plaintiffs (appellants).
No counsel, *contra.*

CLARK, J. : This is an action by several creditors of the male defendant to set aside his conveyance to his wife, on the ground that it was made with intent to hinder, delay and defraud the creditors of the grantor. It was admitted that he was a resident of the State and that he could still claim a homestead in the land conveyed, if the deed was declared fraudulent, it being worth less than one thousand dollars, and no other homestead having been allotted him. *Crummen* v. *Bennett*, 68 N. C., 494 ; *Dortch* v. *Benton*, 98 N. C., 190, and numerous other cases affirming the same

doctrine. The plaintiffs are not seeking to assert that the defendant is estopped to assert his homestead rights in the property, by reason of the fraudulent conveyance thereof, but they contend that their docketed judgments, being liens upon the reversion after the termination of the homestead (*Jones* v. *Britton*, 102 N. C., 166) they are entitled to have the cloud or obstruction of the fraudulent conveyance removed now, because the evidence may by the process of time become unavailable. Had there been any doubt of their right to maintain this action for that purpose, it is removed by chapter 78, Acts 1893, which expressly provides that it shall be no defence to actions to set aside fraudulent conveyances to " allege and prove that the lands therein embraced do not exceed in value the homestead allowed by law " providing however that the act shall " not be construed to authorize the sale of the land until after the homestead exemption has expired."

It was competent for the legislature to so enact, and the meaning of the statute is clear and unambiguous. It is not improbable that its enactment was brought about by the doubtful intimation in *Rankin* v. *Shaw*, 94 N. C., 405, that such was not the case, as the law formerly stood, and to cure such defect. The judgment of nonsuit must be set aside.

Reversed.