In re WILSON et al.

(District Court, E. D. North Carolina. April 28, 1900.)

1. BANKRUPTCY—PARTNERSHIP EXEMPTIONS—RETIRING PARTNER.

Where two members of a firm signed a writing reciting that a certain sum of money was due to the third partner, which was to be paid in installments as stipulated, and that the latter should "be and remain a partner in the business until the full amount is paid," and that security should be given to him, *held*, that the transaction was not a conditional sale by the third partner of his interest in the firm and its prop-

erty, but an agreement to retire from the firm on the payment of the money; and, the condition not having been performed at the time the firm became bankrupt, he was still a member of it, and entitled to his statutory exemption out of its personal property.

2. SAME—EXEMPTION OUT OF PARTNERSHIP ASSETS.

In North Carolina, in case of the bankruptcy of a partnership, where there are firm assets but no individual estate, each partner is entitled to receive, out of the partnership assets, the exemption allowed by the law of the state, provided the other partners consent thereto; and the filing of their voluntary petition in bankruptcy is prima facie evidence of such mutual consent.

3. SAME—ALLOTMENT UNDER PROCESS OF STATE COURT.

Where judgment is recovered in a state court against an insolvent firm, execution issued, and a personal property exemption allotted by the sheriff to each member of the firm, and, within four months thereafter, the firm becomes bankrupt, all proceedings under the judgment, including such allotment by the sheriff, are annulled by the adjudication in bankruptcy; and the trustee in bankruptcy, in setting off the exemptions of the bankrupts, may either adopt the allotment made by the sheriff, or make a new allotment, if the former is not satisfactory.

In Bankruptcy. On review of decision of referee in bankruptcy.

Stevens, Beasley & Weeks, for bankrupt.

E. K. Bryan and Junius Davis, for creditors.

PURNELL, District Judge. Prior to February 1, 1899, J. P. Wilson was merchandising at Warsaw, N. C., and on that day associated with him, under the firm name of J. P. Wilson & Co., J. E. Pollock. The partnership thus formed continued until October, 1899, when J. R. Barden became a member of the firm, and the business continued. On the 15th day of January, 1900, the following paper writing was signed, and is filed as Exhibit A:

"Due J. E. Pollock two hundred and fifty and no/100 dollars. Twenty-five dollars to be paid February 1st; seventy-five dollars to be paid March 1st; seventy-five dollars to be paid April 1st; seventy-five dollars to be paid May 1st. And said J. E. Pollock to be and remain a partner in the business of J. P. Wilson & Co. until the full amount is paid, and security to Pollock to be same as that given J. R. Barden by J. P. Wilson & Co., which contract J. R. Barden holds, which is virtually a bill of sale."

Nothing has been paid on this obligation. Under the contract, as appears in the testimony of Pollock, Barden was to receive one-fourth of the profits, and the balance was to be divided between Wilson and Pollock. This is the only testimony on the subject of Pollock's connection with the firm, except that he was a partner from February 1, 1899. On March 3, 1900, the firm was, on a voluntary petition, adjudged bankrupt. Prior to that time, and within four months, judgment had been obtained in the state courts against J. P. Wilson & Co., composed of the three members named, executions issued, and a personal property exemption allotted by the sheriff to each member of the firm. The contract with Barden is filed as Exhibit B, but, as it is only referred to as a security, in the view the court takes of the case this is of no importance for a determination of the question involved. In the referee's court the counsel for the creditors contended that paper writing "A" is a conditional sale, and, not being registered under the North Carolina statute (Code, § 1275),

is void; hence Pollock is not entitled to his personal property exemption. The referee adjudged Pollock not a member of the firm of J. P. Wilson & Co., and signed an order for him to deliver to the trustee the property allotted to him (Pollock) as his personal property exemption by the sheriff in a proceeding immediately preceding the petition in bankruptcy.

The solution of the matter is a proper construction of the paper writing recited. What is it? The creditors contend and the referee holds it is a conditional sale, and under the statute of North Carolina void. Section 1275 of the Code provides that conditional sales, where title is retained, must be reduced to writing, and registered, to give them validity. This is the meaning, as construed in many cases, not the words of the statute. Admitting the position of the creditors to be correct, purely for the sake of argument,—for I cannot concur in this view,—then the agreement is void, and does not change Pollock's relation to the firm or its property. He was a partner before the paper was signed, and a void paper could not change or affect that relation. If void, he was still a partner. According to this contention, Pollock was a member of the firm as fully after the paper writing was signed as he was before.

But what is the paper writing Exhibit A? Pollock does not sign it. It is signed by the other members of the firm. Without drawing any nice distinctions, it is simply written evidence of an agreement to retire from the firm on the payment of a certain amount of money. It is a conditional retirement. It is not only not signed by Pollock, but contains no words of conveyance. If it be said it is evidence of a parol agreement to sell his interest in personal property, there is no evidence of a delivery accompanying such agreement, or any change in the possession of the property. The paper provides expressly he shall remain a member of the firm until the money was paid, showing there was no change of possession,—no delivery, no complete sale. There is no other evidence of a dissolution of the firm, no advertisement, or any of the prerequisites of a dissolution. Pollock was still liable for the debts of the firm; still entitled to participate in the profits until the agreement was fully complied with. That the bankruptcy of the firm should increase or make his interest in the property more than he had agreed to receive as the condition of his withdrawal may not seem exactly equitable to the creditors or to others, but, if bankruptcy thus favors a bankrupt, it is because the state exemption laws so provide. It is not because of any defect in the bankrupt law, which in exemptions follows the state law, and is one of those anomalous and exceptional cases where a man increases his estate by bankruptcy. In North Carolina each member of a firm is entitled to his personal property exemption out of the assets of the firm, where the debtor has no other estate and the other partners consent. Scott v. Kenan, 94 N. C. 296; Burns v. Harris, 67 N. C. 140; Allen v. Grissom, 90 N. C. 90. A voluntary petition in bankruptcy is prima facie evidence of such consent. In re Stevenson (D. C.) 93 Fed. 790.

In the view which the court takes of the question involved, the decision of the referee is reversed, and the order made revoked. **J.**

E. Pollock had been and was, at the time of the filing of the petition in bankruptcy, a member of the firm of J. P. Wilson & Co. The petition is prima facie evidence of a consent by the other partners that he shall have his personal property exemption allotted to him from the firm assets. He is entitled to such exemptions. The proceeding in the state court being within four months of the petition in bankruptcy, all process under such proceeding is void; hence the allotment by the sheriff is void. The trustee may adopt such allotment, or make other allotment, if the same is not satisfactory. In the view the referee took of the case, the order made by him was proper, and the bankrupt is still subject to the orders of the referee's court under the bankruptcy act and proceeding.