## In re WOOLLCOTT.

(District Court, E. D. North Carolina. September 7, 1905.)

BANKRUPTCY—EXEMPTIONS—PROPERTY OBTAINED BY FRAUD.

The personal property exemption allowed to a debtor by the law of North Carolina cannot be claimed by a bankrupt out of a stock of goods which he obtained by fraud by falsely representing himself as agent.

In Bankruptcy. On certificate from referee.

Pou & Fuller, for creditors.

Bart M. Gatling, for bankrupt.

PURNELL, District Judge. The referee certifies as follows:

"The bankrupt, through his counsel, made motion to have the personal property exemption allotted out of the stock of goods in the hands of the trustee, and such articles of personal wearing apparel as were scheduled by him, as provided for under the Constitution and laws of the state of North Carolina and the bankrupt act. The selection was made by the bankrupt, and the value of the articles duly appraised; but delivery of the same was refused by the trustee on objections filed by creditors. The objectors claim that the bankrupt is only entitled to those articles of personal property consisting of wearing apparel, as appears in his selection, and valued at the sum of $150; that he is not entitled to any exemption from the stock of goods on the ground that he obtained the property by fraud, by holding himself out to the world as agent, up to the moment of filing his petition in bankruptcy, when in fact he had no principal, and concealed this fact, and in his evidence given before the undersigned referee states that such device was adopted for the purpose of keeping his old judgment creditors from issuing execution against his property. Objectors further contend that for the court to allow the bankrupt to claim the balance of his exemption from the stock of goods would be enabling him to take advantage of his own fraudulent and wrongful act, and that he is only entitled to that part of his personal property exemption which is not tainted by fraud, and not to any portion of the stock of goods which was turned over to the trustee in bankruptcy, as he has no title to the same on account of the goods being sold to him as agent when in fact he had no principal and so states in his evidence. Objectors claim that the principle of equitable estoppel applies, and that the court will not allow the bankrupt to take advantage of his own wrongful act in holding himself out as agent to the world, when in fact he had no principal. Creditors cite, in support of their contention, Donaldson v. Farwell, 93 U. S. 631, 23 L. Ed. 993; Des Farges v. Pugh, 93 N. C. 31, 53 Am. Rep. 446. The bankrupt's attorney insists that the contentions of creditors are without avail, that the bankrupt has title to the property claimed as part of his exemption, and that the question of estoppel does not apply, and cites the following cases: Crummen v. Bennet, 68 N. C. 494; Duvall v. Rollins, 71 N. C. 220; Lambert v. Kinnery, 74 N. C. 350; Curlee v. Thomas, 74 N. C. 54; Board of Com'rs v. Riley, 75 N. C. 146; Gaster v. Hardie, 75 N. C. 460; Littlejohn v. Egerton, 76 N. C. 468; Dortch v. Benton, 98 N. C. 190, 3 S. E. 638, 2 Am. St. Rep. 331.

"Your undersigned referee, after reading the authorities cited by both sides, is of the opinion that the bankrupt is not entitled to any exemption from the stock of goods; that he is estopped from claiming such. His title to the articles composing the stock of goods cannot be perfected in the court of bankruptcy, by declaration, made after the filing of his petition, setting up a different state of facts, different from that which he held out to the world as truly existing up to the moment of the filing of his petition. The bankrupt advertised himself, according to his own evidence, as agent, but, when filing his petition, schedules the property acquired as agent as his own, and declares upon examination in bankruptcy that he had no principal, and that the person for whom he held himself out as agent knew nothing of the fact and did not have any interest in the business. He desires the bankruptcy

court to take this property and administer it upon his petition as if the title was in him, and to set aside a part of his personal property exemption from the same, upon his declaration and claim that the property is his. Your undersigned referee is of the opinion that the objections of creditors are valid, in so far as they relate to the articles of personal property selected by the bankrupt from the stock of goods, and that he is estopped from claiming this, but that the bankrupt is entitled as a part of his exemption to the articles of personal property, consisting of wearing apparel, watch, etc., as selected by him; the same being by agreement valued in the sum of $150.

"[Signed] Victor H. Boyden, Referee in Bankruptcy."

The only question presented is whether the bankrupt is entitled to a personal property exemption out of the stock of goods obtained by him as "agent," when he was not agent or failed to disclose his principal, as required by the act of the Legislature, or whether he in reality had title; in short, can he acquire title by a fraud, which was admitted?

Constitution N. C. art. 10, § 1, is as follows:

"The personal property of any resident of this state, to the value of five hundred dollars, to be selected by such resident, shall be, and is hereby exempted from sale under execution, or other final process of any court, issued for the collection of any debt."

Equity controls in bankruptcy when not otherwise provided, and, there being no explicit decision to the contrary, must control in this case. The rule in equity that one cannot take advantage of his own fraud is too old and well settled to require the citation of authority. The fraud is admitted. The personal property exemption under the Constitution is personal to the debtor. He must own the property claimed. As the bankrupt could acquire no title by his own fraud, the goods pass to the trustee for the benefit of creditors.

The decision of the referee is affirmed.