In re E. M. FOWLER & CO.

(District Court, E. D. North Carolina. April 21, 1906.)

BANKRUPTCY—PARTNERSHIP—EXEMPTIONS.

Where, prior to the bankruptcy of a firm, one of its members had agreed to sell his interest to his partners, and thereafter acted on the contract and accepted employment as a clerk in the store operated by his partners and frequently declared that he was no longer a member of the firm, he was not entitled to be treated as a partner and allowed exemptions out of the firm's assets in bankruptcy, though the sale of his interest had not been completed by the execution of a formal agreement and payment of the consideration.

In Bankruptcy.

W. A. Stewart, for bankrupts.

Godwin & Davis, for creditors.

PURNELL, District Judge. The following facts are found by the referee upon which he holds that A. F. Fowler was entitled to the personal property exemption allowed under the Constitution of North Carolina:

"On the 16th day of December, 1905, the firm of E. M. Fowler & Co., was adjudged bankrupt upon involuntary petition, and upon the 5th day of January, 1906, R. F. Thornton, E. M. Fowler, and A. F. Fowler, named in the said involuntary petition as partners trading as E. M. Fowler & Co., were adjudged bankrupt upon individual voluntary petitions filed by each of them; said involuntary and voluntary petitions hereto attached marked A, B, C, and D, respectively. That R. L. Godwin was duly appointed and qualified trustee in bankruptcy in the partnership proceedings. That on February 24, 1906, R. F. Thornton, E. M. Fowler, and A. F. Fowler, by their attorney, W. A. Stewart, filed a petition asking that R. L. Godwin, trustee, be required to show cause before the undersigned referee why he should not allow the personal property exemptions of the petitioners; said petition hereto attached marked E. That the undersigned made the order to show cause requested (copy attached to the petition), and the matter came up for hearing before the undersigned referee on March 6, 1906. R. L. Godwin, trustee, filed answer to the petition setting out that he had set apart the personal property exemptions of E. M. Fowler and R. F. Thornton, and denying the right of A. F. Fowler to have exemptions set apart to him; said answer hereto attached marked F. The Rheinstein Dry Goods Company and Fleischmann Morris Company, through their attorneys, Messrs. Godwin & Davis, filed objections to the allotment of exemptions to R. F. Thornton; said objections hereto attached marked G. The testimony heretofore taken in this cause on January 2d and February 20th, respectively, was introduced and is herewith sent marked H and J.

"The undersigned is of the opinion that the objections to personal property exemptions of R. F. Thornton filed by the Rheinstein Dry Goods Company and Fleischmann Morris & Co., do not state any sufficient reason for withholding the same. The record and the testimony show that R. F. Thornton was a partner of the firm of E. M. Fowler & Co., at the time of the bankruptcy, and if he was a partner he is entitled to the personal property exemptions authorized by the Constitution of North Carolina, and the amount of money which he contributed to the firm in order to establish his partnership relation is immaterial. In re Wilson, 4 Am. Bankr. Rep. 260, 101 Fed. 571.

"The other question to be considered is raised by the answer of R. L. Godwin, trustee, Exhibit F, and is whether or not A. F. Fowler is entitled to have his personal property exemptions allotted to him out of the firm assets. The undersigned finds the following facts: That prior to April, 1905, R. F. Thornton, E. M. Fowler, and A. F. Fowler were partners doing business in the county of Harnett, under the style of E. M. Fowler & Co. That in April, 1905, A. F. Fowler proposed to the other two members of the firm to sell his interest to them in consideration of $104 or $105, and the cancellation of such indebtedness as the books of the firm showed due by him to the said E. M. Fowler & Co. The other members of the firm said that they would accept the proposition, but no formal agreement was entered into, no money was paid to A. F. Fowler, and the evidence is not clear as to whether or not his account on the books of the company was marked settled. A. F. Fowler clerked in the store from April until October 31st, when the firm executed a deed of assignment. He was not at the store regularly, but was there from time to time. The deed of assignment was not signed by A. F. Fowler. No notice of dissolution was ever published or sent to creditors. That, prior to and since the institution of bankruptcy proceedings, A. F. Fowler has claimed not to be a partner. That through his attorney he now con-

tends that he is entitled to personal property exemptions. As a conclusion of law, the undersigned holds that neither A. F. Fowler nor the firm of E. M. Fowler & Co. had taken necessary action to relieve the said A. F. Fowler of his partnership liability to creditors as a member of the firm of E. M. Fowler & Co. And that the said A. F. Fowler is entitled to have the trustee allot to him his personal property exemptions allowed him by the Constitution of North Carolina.

"He therefore signed an order directing the trustee to proceed to allot the personal property exemption of A. F. Fowler out of the firm assets in his hands. To which ruling the trustee excepts, and requests that the matter be certified to the judge for his opinion."

In re Wilson, 4 Am. Bankr. Rep. 260, 101 Fed. 571, seems to have been misconstrued by the referee in taking a part of the argument as a conclusion of the court; the part of the argument being that the proper steps for the dissolution of the firm had not been taken, hence the retiring partner was, under the decisions of the Supreme Court of North Carolina, entitled to a personal property exemption out of the assets of the firm. A more applicable authority to this case would have been In re Woollcott (D. C.) 140 Fed. 460, in which it was held that the bankrupt must own the personal property out of which he claims an exemption. In the case at bar it appears that A. F. Fowler had not only sold his interest and received therefor the cancellation of a debt due the firm of about $300, but he had acted on the contract taking employment as a clerk, and frequently declared in conversation that he was no longer a member of the firm. In other words, it was more than a mere bargain to sell, and had been acted on for a year or more by entirely changing the relations of the parties, and the court doubts very much if, as suggested by the referee, he could have been held responsible for any part of the debts of the firm had he been solvent. It is not necessary, however, to decide this question. He had agreed to sell, had acted on the agreement, and entirely changed his relationship with the firm. In other words, he had acted on the bargain and parted with his interest in the property. It would be using the bankrupt law and the personal property exemption provision of the Constitution of North Carolina to perpetrate a fraud on the creditors of the firm to allow such partner personal property exemption out of the assets. This the court of bankruptcy, being controlled by rules in equity, cannot and will not do.

The referee is therefore reversed, and the petition for personal property exemption out of the assets of the firm of E. M. Fowler & Co. is denied and dismissed. The ruling of the referee as to the claim of R. F. Thornton for personal property exemption is affirmed. He was in every respect a member of the firm. The court being of this opinion, it is unnecessary to pass on the exceptions as to the findings of facts by the referee, the effect of which seem to be simply that the findings of fact by the referee were not full enough.