## In re HAMMONDS.

### (District Court, E. D. Kentucky. August 17, 1912.)

1. BANKRUPTCY (§ 396*)—EXEMPTIONS—TITLE TO PROPERTY CLAIMED.

That a bankrupt purchased property claimed as exempt without intending to pay for it affords no ground of objection to the exemption by his trustee, since the purchase vested title in the bankrupt, subject only to the personal right of the seller to reclaim the property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 659–668, 670; Dec. Dig. § 396.*]

2. BANKRUPTCY (§ 396*)—EXEMPTION—PROPERTY PURCHASED WITH NONEXEMPT PROPERTY.

A bankrupt's right to hold as exempt personal property specifically exempted from execution by the laws of the state, without qualification, is not affected under the law of Kentucky by the fact that he purchased such property with nonexempt property on the eve of the bankruptcy, and with the intention of claiming the exemption.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 659–668, 670; Dec. Dig. § 396.*]

In the matter of J. W. Hammonds, bankrupt. On review of order of referee allowing and denying exemptions. Affirmed in part and reversed in part.

Geo. G. Brock, of London, Ky., for creditors.

Hazlewood & Johnson, of London, Ky., for bankrupt.

COCHRAN, District Judge. This cause is before me on two petitions for review. One is filed by the bankrupt, who was a merchant, and the other by certain creditors. Each relates to the matter of exemptions. The referee disallowed to the bankrupt on his exemption claim two mules and a cow. It is of this order so doing that the bankrupt complains. He allowed to him his claim for sufficient provisions, including breadstuff and animal food, to sustain his family for one year. It is of this order so doing that the creditors complain. The evidence heard by the referee bearing on these claims has not been sent up with the rest of the papers; but, as I am able to dispose of the case without having it before me, I will not delay its disposition until I get it.

The articles disallowed and allowed were such as the statutes of Kentucky provide shall be exempt to a debtor. They allow, amongst other things, two work beasts or one work beast and one yoke of oxen, two cows and calves, and such a sufficiency of provisions. No question is made in the record as to those articles being such as those statutes provide shall be so exempt.

[1] The ground upon which the creditors claim that the provisions allowed should not have been set apart as exempt is that they had been purchased with no intention to pay for them. The referee found against this claim in matter of fact—i. e., he held that they had not been so purchased—and on this ground denied the claim. If the necessities of this case required that I should pass

on this question of fact, of course, I would have to have before me the evidence heard by the referee, but the necessities of the case do not so require. Even if it be a fact that the provisions set apart to the bankrupt had been purchased by him with the intention of not paying for them, the creditors, as such, have no right to complain of the action of the referee in setting them apart. Notwithstanding such intention, the title thereto passed from the sellers to the bankrupt. Because thereof the sellers were entitled to reclaim their property. But this right did not prevent the passage of the title. The effect thereof was to make the title which the bankrupt acquired what is termed in Donaldson v. Farwell, 93 U. S. 631, 23 L. Ed. 993, a "defeasible title." In order to reinvest the sellers with title, a rescission of the contract of sale was essential. The fact that immediately upon the sale the sellers had the right to recover their goods in replevin is not against this. The bringing of such a suit is a "judicial rescission," which is a substitute for a "rescission in pais" effected by a mere demand. 1 Bigelow on Fraud, p. 77. This right of rescission and recovery of the goods were personal to the sellers. It could not have been asserted as against the trustee had not the provisions been set apart as exempt, and can be asserted as against the bankrupt, notwithstanding they have been set apart as exempt. It follows from this that the petitioning creditors, as such, are not interested in the question as to whether the provisions were purchased with an intention not to pay for them. And on this ground their petition for review is overruled. In so far as the decision in the case of In re Woollcott (D. C.) 140 Fed. 460, is in conflict with this position it is not approved.

[2] The ground upon which the referee disallowed the bankrupt's claim to the two mules and the cow, notwithstanding they are such articles as are called for by the statutes of exemption of Kentucky and the bankrupt had none others answering thereto, was that they had been purchased with nonexempt property on the eve of bankruptcy in contemplation of bankruptcy proceedings and pursuant to advice of counsel, in order that, in case of the institution of such proceedings, they might be claimed as exempt. The referee so finds, and his finding of fact in this particular is not questioned by the bankrupt. So the evidence heard by the referee is not needed on this point. The bankrupt gave for the two mules $500, which he paid for with a horse at $125, cash $200, and merchandise out of his store $125. He gave for the cow $64.15 and paid for it by the assignment of a good account on one of his debtors. It must be accepted, therefore, in disposing of this petition, that we have here a deliberate conversion of nonexempt property into exempt property in contemplation of bankruptcy proceedings with the view of claiming the property as exempt on the institution of such proceedings followed by such a claim. It should be noted that, as to the mules, it is conceded that the claim of the trustee is burdened with a right in favor of the bankrupt to the extent of $125, on account of the horse which was itself exempt and which partly paid for the mules.

The question as to whether the mules save to the extent of the $125 on account of the horse and the cow are exempt depends entirely on

the state law. The Bankrupt Act (Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424]) § 6, expressly provides that it shall not affect the allowance to the bankrupt of the exemptions prescribed by the state laws. The meaning of this provision cannot be other than that, if under the state law the bankrupt would be entitled to certain exemptions as against his creditors, he is entitled to the same exemptions notwithstanding the bankrupt law and the institution of bankruptcy proceedings thereunder. In 1 Loveland on Bankruptcy, p. 898, it is said:

"Whether property which would ordinarily be exempt from seizure on attachment or execution is liable to be administered for the payment of the debts of the bankrupt when such property was purchased on the eve of the bankruptcy depends upon the law of the state of the bankrupt's domicile. In some states it has been held that a bankrupt is not entitled to exempt property which has not been paid for, or which has been paid for with the proceeds of nonexempt property prior to the time of bankruptcy. In some states the bankrupt has been allowed an exemption out of such property."

The question then comes to this: What is the law of Kentucky on this subject? Does it affect the debtor's right to hold a certain article of the kind prescribed as exempt that he purchased it with nonexempt property, and in order that he might have this property to that extent in an exempt condition? The statute is absolute. It provides that a debtor of the kind covered by it shall be entitled as against his creditors to the exemptions prescribed in it without any qualification whatever. Under it therefore, one who has purchased property of the kind that is nonexempt, and not paid for it, may convert it into property of the kind that is exempt with the deliberate purpose of having his property in an exempt condition, and hold the property so purchased exempt as against the creditor whose crediting has enabled him to acquire it. This looks hard on the creditor. But it is presumed that one so giving credit will have it in view when he gives it. What is here said has reference only to exemptions of personal property. It is not true of the homestead exemption. In the case of Northington v. Boyd, 12 Ky. Law Rep. 227, Judge Bowden of the superior court said arguendo:

"If a prior debtor, anticipating a levy and having three work beasts, but only one cow, sells one of the work beasts and buys another cow, we do not suppose the latter could be taken, though it were admitted that he did so in order to hold in this way the value of the work beast."

It is clear, therefore, that the bankrupt was entitled to hold the two mules and the cow, notwithstanding the circumstances under which they were acquired, as exempt from administration herein. The referee thought that the matter was controlled by section 67, subsec. "e," of the Bankrupt Act, providing that conveyances and transfers of property made by a debtor with intent to hinder, delay, or defraud his creditor shall be void as to them. But that section has no application. It has in view dispositions of property made by the debtor to others with such intent, and provides that such property may be followed up and subjected to his debts. A transaction which the law permits could not have been intended to be covered by the section.

The rightness of the transaction from a moral point of view is not involved here. The fact that the bankrupt was a sickly man and had a wife and six children dependent on him, to which allusion has been made, did not make it right. Mr. Waite, in his work on Fraudulent Conveyances, § 47, though recognizing that such a transaction involves no "legal fraud," characterizes it as "a species of petty fraud."

The order of the referee in relation to the two mules and the cow is reversed, and the bankrupt will be allowed to retain them as exempt.