In the Matter of Leonard Joe
SAYLOR, Debtor.

Bankruptcy No. 3–80–01030.

United States Bankruptcy Court,
S. D. Ohio, W. D.

Nov. 4, 1980.

Eugene A. Jablinski, Dayton, Ohio, Trustee.

William P. Smith, Dayton, Ohio, for Holiday Homes, Inc.

Milton L. Sprowl, Dayton, Ohio, for debtor.

## DECISION AND ORDER

## FINDINGS OF FACT

CHARLES A. ANDERSON, Bankruptcy Judge.

Leonard Joe Saylor filed his voluntary petition in bankruptcy on 16 April 1980, and Eugene A. Jablinski was duly appointed as trustee of the estate.

He scheduled an undivided one–half interest in 2.10 acres of real estate in Clark Township, Clinton County, Ohio. The residence dwelling formerly situated on the premises had been destroyed in a fire. Debtor attached to the schedules an appraisal by a realtor showing a value of $4,500.00 for the real estate. This real estate was claimed as exempt under the $5,000.00 Ohio homestead exemption statute (O.R.C. 2329.66(A)(1)). On 4 June 1980 the schedules were amended by Debtor to claim a mobile home as exempt, valued at $4,000.00 and a federal income tax exemption of $400.00, under Ohio Revised Code Section 2329.66(A)(4)(a).

The Debtor now resides in the mobile home, sitting on the two acres of land, which is subject to a security interest greatly in excess of the scheduled value. This mobile home rests on blocks not attached to the land.

This matter is before the Court on the Trustee's Application for a determination of the exempt status of certain property owned by the debtor, to–wit, one mobile home and an undivided one–half interest in 2.1 acres of real property. The debtor uses the mobile home as his residence, and the mobile home sits on the 2.1 acres of unimproved real estate. The following memorandum decision is based upon evidence submitted at a hearing of this matter, a memorandum submitted by the Trustee and a memorandum submitted by Holiday Homes, Inc., a secured creditor herein.

According to the record, the debtor's real property is encumbered by a mortgage in the amount of $6,451.36 as of the date the petition was filed. The debtor filed a copy of an appraisal of this land along with his schedules. The appraisal placed the real estate value at $4,500.00, and the debtor listed his one–half interest to be worth $2,250.00. According to these figures, there would be no equity in this real estate for the debtor to claim as exempt.

The record also indicates that the mobile home is worth approximately $4,000.00 to $5,000.00 (these figures have been submitted by the debtor and trustee respectively). Because Holiday Homes, Inc.'s mortgage impairs his entire interest in the above real estate, we would assume that any exemption the debtor could claim would be on his personalty, (the mobile home). Subtracting the debtor's $2,250.00 interest in the mortgaged real estate from the creditor's $6,451.36 claim leaves a balance due of $4,201.36, which amount is secured by the creditor's lien on the certificate of title of the mobile home. Thus, it would appear, using the figures presently before the Court, that the debtor has, at most, $800.00 of equity in his mobile home. In any event, there is not enough value in both the realty and personalty combined to give the trustee any interest in them for the benefit of other creditors.

## CONCLUSION OF LAW

The question before the Court is what exemption, if any, may the debtor claim in the subject real estate and mobile home pursuant to O.R.C. § 2329.66(A)(1). The section reads as follows:

Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(1) The person's interests not to exceed five thousand dollars, in one parcel or item of real *or* personal property that the person or a dependent of the person uses as a residence. [emphasis added to disjunctive]

This question appears to be one of first impression. The Court has not found any case law treating the issue of what property a debtor may claim under the homestead exemption where the debtor owns both an item of real property and an item of personal property which are used to provide the debtor with a residence, and the parties in interest have not cited any such authority. We would also note that the Ohio Legislature does not provide guidance in the form of published legislative history. Thus, in the case *instanter*, the Court will apply the plain meaning of the statute to the facts presented.

The homestead exemption provisions under 11 U.S.C. § 522(d) are derived substantially from the Uniform Exemptions Act. See House Report No. 95–595, pp. 361–363, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6316–6318. This Uniform Act had been approved by the National Conference of Commissioners on Uniform State Laws in 1976, and by the American Bar Association in 1977.

Then, somewhat paradoxically, this direct geneology was inbred from the proposals of the Commission on Bankruptcy Laws for exemptions to be incorporated in the bankruptcy laws. See Prefatory Note, 13 U.L.A. 1 and Report of the Commission on Bankruptcy Laws of the United States, House Doc. No. 93–137, Part I, 93d Cong., 1st Sess. 171 (1973) and at Part II, §§ 4–503, 5–203(c) (1973).

Section 4(c) [Homestead Exemption] of the Uniform Act specified that, "A homestead exemption may be claimed in real or personal property, *or both*, without regard to the nature of the individuals interest in the property. . . ." [emphasis added].

The Ohio exemption statute, as pointed out in several previous decisions, tracks the federal statute. Ohio Revised Code Section 2329.66(A)(1) follows the disjunctive wording *verbatim* of 11 U.S.C. § 522(d)(1). Both the federal and the state statutes, therefore, delete the words, "or both".

Inasmuch as the Bankruptcy Code is derived from the Uniform Exemptions Act it would be assumed that the purpose of the homestead exemption could only be achieved by combining both personal and real property as the situation might dictate. To further substantiate this ratiocination attention is directed to Rules of Construction at 11 U.S.C. § 102(5) which provides specifically that, " 'or' is not exclusive." The Legislative History further explains that, "The party is not limited to a mutually exclusive choice between the two alternatives."

The conclusion is inescapable, therefore, that a debtor may claim an aggregate homestead to the monetary limits of the statute from either real or personal property or from both.

Of course, if Holiday Homes wished to enforce its lien on the mobile home by repossessing the same, then the figuring would be somewhat different. In that event, the creditor's claim would be satisfied by the mobile home to the extent of $4,000.00 or $5,000.00 and the remaining $2,451.36 to $1,451.36 would be satisfied via the creditor's mortgage on the real estate. Even in this set of circumstances, the trustee would have no interest in these properties.

An examination of the debtor's petition shows that he has listed only his real estate as an exemption. We would suggest to the debtor to amend his schedules so as also to claim the mobile home as exempt property.

It is hereby *ORDERED, ADJUDGED AND DECREED*, that the debtor may list both his real estate and mobile home as exempt property in Schedule B–4 of the within petition; and,

It is further *ORDERED, ADJUDGED AND DECREED*, that after Holiday Homes, Inc. satisfies its secured claim out of the proceeds from the sale of the real estate and mobile home, the debtor may claim as exempt any excess proceeds from such sale.

Finally, it is *ORDERED, ADJUDGED AND DECREED*, that, in any event, the debtor is entitled to claim an exemption in one or in both of the subject items, and he is entitled to split the amount of the exemption between his two categories of residential property.