**In re James Arthur WILLIAMS, Helen Ann Stubbs Williams, Debtors.**

**Bankruptcy Nos. 2–89–02340, 281–48–2239 and 289–42–5680.**

United States Bankruptcy Court, S.D. Ohio, E.D.

March 30, 1990.

James A. Williams, Helen Stubbs Williams, Middleport, Ohio, James H. McCauley, McCauley, Webster & Emrick, Belpre, Ohio, for debtors.

Larry E. Staats, Columbus, Ohio, Chapter 7 Trustee.

Charles M. Caldwell, Office of the U.S. Trustee, Columbus, Ohio.

### OPINION AND ORDER ON OBJECTION TO CLAIM OF EXEMPTION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon the objection of Larry Staats, the duly appointed trustee in bankruptcy ("Trustee"), to a claim of exemption asserted by the debtors, James and Helen Williams ("Debtors"). The opposed exemption relates to Mr. Williams' interest in real property and a mobile home claimed by him as homestead exemptions. The Trustee's objection was opposed by Debtors and was heard by the Court on November 16, 1989.

This Court has jurisdiction in this contested matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) in which this bankruptcy judge may enter a final order.

### FINDINGS OF FACT

The facts of this matter are uncontested. Debtors filed a joint petition under the

provisions of Chapter 7 of the Bankruptcy Code on April 24, 1989. Their bankruptcy schedules indicate ownership of real estate known as 410 Rutland Street, Middleport, Ohio ("the Real Property"). The Real Property jointly deeded to Debtors is valued at $5,000 and is not subject to any liens. Also indicated on the schedules is a 1973 Kirkwood mobile home ("the Mobile Home") which rests on and is attached to the Real Property and in which the debtors reside. The Mobile Home is titled solely in Mr. Williams' name, is valued at $5,000 and is encumbered by a lien in the amount of $2,400 as of the date the petition was filed.

As clarified in the hearing and pursuant to Ohio Rev.Code § 2329.66(A)(1), Mrs. Williams has asserted a claim of exemption for her interest in the Real Property ($2,500) and Mr. Williams has asserted a claim of exemption for his interest in the equity of the Real Property ($2,500) and his interest in the equity of the Mobile Home ($2,600). Debtors argue that the Mobile Home and the Real Property are one asset, and therefore, Mr. Williams should be able to split the $5,000 homestead exemption between the two items. The Trustee, on the other hand, argues that the two items are separate and distinct assets, and therefore, Mr. Williams can only apply the exemption to one or the other.

### ISSUE OF LAW

The issue before the Court is whether the debtor may claim a homestead exemption in both real estate and a mobile home pursuant to Ohio Rev.Code § 2329.66(A)(1) or whether the debtor is limited to one or the other.

### CONCLUSION OF LAW

■ Since Ohio has opted out of the federal exemption scheme pursuant to 11 U.S.C. § 522(b)(2), Ohio bankruptcy debtors generally must look to state law for exemption claims.

■ Section 2329.66(A)(1) of the Ohio Revised Code provides a limited exemption from attachment by a judicial lien creditor, such as a trustee in bankruptcy, for a debtor's interest in homestead property. The section reads as follows:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(1) The person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.

Although the Debtors and the Trustee failed to cite any case law either in their written objections or oral arguments, this question was considered in *Matter of Saylor*, 7 B.R. 86 (Bankr.S.D.Ohio 1980). In that case, very much like the case at bar, the debtor resided in the mobile home which sat on two acres of land. Unlike the present case, however, the mobile home was not attached to the land but rested on blocks, and the debtor had no equity in the real property. The court, applying the plain meaning of the statute, permitted the debtor to claim an aggregate homestead exemption to the monetary limits of the statute from either real or personal property or from both.

In determining the plain meaning of the statute, the court looked to the Uniform Exemption Act from which the federal exemption and the Ohio exemption statute are derived. *Saylor* at 87. Also citing the Rules of Construction for the Bankruptcy Code found at 11 U.S.C. § 102(5), which provide specifically that " 'or' is not exclusive," the court determined that the debtor is "not limited to a mutually exclusive choice between the two alternatives," as stated in the Legislative History.

In essence, where a mobile home which serves as a debtor's residence is located on the real property sought to be claimed as the homestead exemption, the real and personal property together comprise one item of property that the debtor uses as a residence. The purpose for the exemption is best served by this interpretation.

Based upon the foregoing, the Court finds that Mr. Williams can assert his homestead exemption to the monetary lim-

its of the statute from either the Real Property or the Mobile Home or from both. The Trustee's objection to the claim of exemption is, therefore, overruled.

IT IS SO ORDERED.