**Shelby Novell LANIER, Jr.; Kathleen Marie Lanier, Appellants,**

v.

**Stephen L. BEAMAN, Chapter 7 Trustee, Appellee.**

**No. 5:08–CV–219–BO.**

United States District Court, E.D. North Carolina, Western Division.

Aug. 8, 2008.

## ORDER

TERRENCE W. BOYLE, District Judge.

After review, the decision of the Bankruptcy Court is AFFIRMED.

## BACKGROUND

Appellants, who are the debtors, filed for Chapter 7 relief on November 27, 2007. 11 U.S.C. § 522(d)(1), the debtors claimed an exemption on their home and a lot of twenty-two acres. The bankruptcy court found that the twenty-two acre lot was really two separate but adjacent lots of approximately twelve and nine acres each, and that the debtors' home resided wholly on the twelve acre lot. The debtors bought the nine acre lot four months after buying the twelve acre lot. The debtors deed of trust is a lien only against the twelve acre tract. There is a fence that separates the twelve and nine acre lots. The nine acre lot is used to raise rescued horses as part of the debtors' ministry. These children are not dependents of the debtors. There are no structures on the nine acre tract of land. The horses reside on the twelve acre lot; the nine acre lot is primarily used for riding.

The bankruptcy court found that the nine acre lot was not included in the term "residence" as used in 11 U.S.C. § 522(d)(1). The court specifically found that their was insufficient evidence that the nine acre tract was being used for residential purposes, and that a residence is typically defined as a structure for one's occupation. The debtors then appealed to this court, challenging the bankruptcy court's conclusions of law.

## DISCUSSION

■ On appeal, findings of fact by the bankruptcy court will not be set aside unless they are "clearly erroneous." Fed. R.

Bankr.P. 8013; *In re K & L Lakeland, Inc.*, 128 F.3d 203, 206 (4th Cir.1997). Conclusions of law on appeal are reviewed de novo. *In re Merry–Go–Round Enter., Inc.*, 180 F.3d 149, 154 (4th Cir., 1999). Statutory interpretations of the Bankruptcy Code are reviewed de novo. *Id.*; *Ford Motor Credit Co. v. Dobbins*, 35 F.3d 860, 865 (4th Cir.1994). The Court must keep in mind that exemptions are to be construed liberally in favor of the debtor. *Hyman v. Stern*, 43 F.2d 666, 668 (4th Cir.1930); *In re Mims*, 49 B.R. 283, 286 (Bankr.E.D.N.C.1985).

■ Under 11 U.S.C. § 522(d)(1), "[t]he following property may be exempted under subsection (b)(2) of this section: [t]he debtor's aggregate interest, not to exceed $ 20,200 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence." A residence is defined by Merriam–Webster as "the act or fact of dwelling in a place for some time" and as a "building used as a home." *www.merriam-webster.com/ dictionary/residence*.

In construing what the term "residence" means, it is helpful to turn to other sections of the code that define the term in some form. 11 U.S.C. § 101(13A) defines a "debtor's principle residence" as, "a residential structure, including incidental property, without regard to whether that structure is attached to real property." The term "incidental property" is defined as, "property commonly conveyed with a principal residence in the area where the real property is located; all easements, rights, appurtenances, fixtures, rents, royalties, mineral rights, oil or gas rights or profits, water rights, escrow funds, or insurance proceeds; and all replacements or additions." 11 U.S.C. § 101(27B).

The interpretation of "uses as a residence" under 11 U.S.C. § 522(d)(1) cannot

be reasonably construed to include the debtor's nine acre lot. There is no structure, improvement, or easement on the nine acre lot which serves the debtor's home on the twelve acre lot. While it is clear that the term "residence" can mean places other than and including the debtor's principle residence, the term "residence" encompasses that property conveyed with the original home used as a residence, namely the twelve acres on which the debtor's home sits. The nine acre lot is used primarily by non-family members to ride horses; it is not linked to the support, existence, or enhancement of the structure in which the debtors live. What is more, the nine acre lot is clearly separated from the residence of the debtors by a fence which delineates where the horse area ends and where the debtors' home begins. There is no confusion by any reasonable viewer, as it is clear that the two properties are not commingled as part of one residence, but that one area is the debtors' home and one area is the horse area that is owned by the debtors.

The debtors refer to several cases in bankruptcy courts outside of this circuit where two adjacent lots were considered to be part of the debtor's residence. In those cases, the debtors used the adjacent lots for their own family needs, and had either built structures for family purposes, parked their cars there, had sheds for storing family property, or in other ways subsumed the property so its use was completely indistinguishable from the home. These facts are not present here.

Although the interpretation of "residence" must be construed liberally, this does not include all land that the debtors own and use adjacent to their own. A reasonable assessment of the law dictates that "residence" does not include land bought separately from the land on which a home is located; separated by a fence; on which there are no structures; on which no family member parks or stores equipment; and on which activity occurs that is entirely separate from the day to day household activities normally expected in a residence. The decision of the bankruptcy court is affirmed.

## CONCLUSION

The decision of the bankruptcy court is AFFIRMED.

SO ORDERED.