In re Cloyd J. GRAFF and
Wanda Graff, Debtors.

Charles O. Zebley, Jr., Trustee/Movant,

v.

Cloyd J. Graff and Wanda
Graff, Respondents.

Bankruptcy No. 10–21820–BM.
Related to Doc. No. 51.

United States Bankruptcy Court,
W.D. Pennsylvania.

Aug. 23, 2011.

Charles O. Zebley, Uniontown, PA, for
the Chapter 7 Trustee.

Douglas G. Hipp, Pittsburgh, PA, for
Cloyd and Wanda Graff.

### MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy
Judge.

Charles Zebley, the Chapter 7 Trustee
for the above-captioned debtors (hereafter
"the Trustee"), brings his Motion to Clarify Debtors' Exemptions in an effort to
resolve a dispute between himself and such
debtors (hereafter "the Debtors") over
their exemption of a portion of the sales
proceeds that were obtained from the
Trustee's post-petition bankruptcy auction
of real property that they owned pre-petition. The Court held a hearing on the
Trustee's Motion to Clarify Debtors' Exemptions on July 14, 2011.

After considering the positions of both parties, the Court, for the reasons set forth below, largely accepts the position of the Debtors regarding such exemption.

### STATEMENT OF FACTS

The Debtors filed for Chapter 7 bankruptcy protection on March 17, 2010. They have amended their Bankruptcy Schedule C listing the property that they claim as exempt on several occasions, the last amendment of which was filed with the Court on July 14, 2011.

On such amended Bankruptcy Schedule C the Debtors have exempted, pursuant to 11 U.S.C. § 522(d)(1), a total of $36,895.44 in real property that they contend constitutes their personal residence. The Debtors actually break up such § 522(d)(1) exemption by assigning $35,395.44 of such exemption to their residence located at 633 Mountain View Drive, New Florence, PA 15944 (hereafter "the New Florence Realty"), and $1,500.00 to oil and gas rights respective of such realty. The New Florence Realty is actually comprised of 19.379 acres of land, along with the accompanying oil and gas rights. As the Court understands it, the New Florence Realty is located in a geographic area that is relatively rural rather than urban in nature. The Debtors' counsel represented at the July 14, 2011 hearing that the Debtors purchased all of the New Florence Realty at one time, that is as one tract of realty.

The Debtors' amended Bankruptcy Schedule C also reflects "wildcard" exemptions by them, pursuant to 11 U.S.C. § 522(d)(5), of (a) $17.00 in cash, (b) $637.68 in three different checking accounts, (c) $5,000.00 in a tax refund, and (d) $705.31 for interests in two different insurance policies.

The Debtors take the position that the New Florence Realty constitutes their personal residence because they reside in a mobile home that is presently situated on such realty. The Debtors have not assigned any separate value to their mobile home in any of their bankruptcy schedules, including their Bankruptcy Schedule C. The Debtors' counsel also represented at the July 14, 2011 hearing that the Debtors' mobile home (a) is largely worthless, and that it cannot be removed from the land that it sits on without destroying it, (b) is affixed to such land, that is it does not presently sit on wheels so that it can be easily removed from such land, and (c) is connected to a septic system that has been installed in such land.

The Trustee sold the New Florence Realty, along with the accompanying oil and gas rights, in an auction conducted in this Court on July 14, 2011. The successful bidder at such auction purchased such realty for $105,000.00. The Trustee did not sell, indeed did not even attempt to sell, the Debtors' mobile home at the bankruptcy auction. The purchaser of the New Florence Realty purchased the same subject to whatever rights, if any, that the Debtors retained in the same relative to their mobile home.

The Trustee does not object to the Debtors' § 522(d)(5) wildcard exemption of their cash on hand, the three checking accounts, or the tax refund. Those exemptions total $5,654.68. As for the Debtors' § 522(d)(5) wildcard exemption of $705.31 for interests in two different insurance policies, the Trustee has both failed to address the same and neglected to account for the same when he made his determination as to what he felt was the appropriate portion of the proceeds from the postpetition sale of the New Florence Realty that the Debtors could exempt pursuant to § 522(d)(5).

### DISCUSSION

■ The crux of the exemption dispute between the Trustee and the Debtors is

whether the Debtors may exempt any portion of the New Florence Realty, or the proceeds from its post-petition sale, pursuant to § 522(d)(1).

The Trustee contends that the Debtors cannot exempt any portion of the New Florence Realty, or the proceeds from its post-petition sale, pursuant to § 522(d)(1). The Trustee maintains that the only property that the Debtors may exempt under § 522(d)(1) is their mobile home. The Trustee argues as much because he contends that the mobile home is the only property that the Debtors use as their personal residence, that is the Trustee contends that the Debtors do not actually use any portion of the underlying land (or oil and gas rights) that comprises the New Florence Realty as their residence. Consequently, the Trustee asserts that the Debtors can do no more than exempt a portion of the proceeds from the post-petition sale of the New Florence Realty pursuant to § 522(d)(5), that is by utilizing the remainder of their wildcard exemption after accounting for the wildcard exemption of the other personalty described above.

The Debtors contrarily contend that (a) they do use the underlying land that comprises the New Florence Realty, as well as their mobile home, as their residence, and (b) they may thus exempt some portion of such realty, or the proceeds from its post-petition sale, pursuant to § 522(d)(1).

 Although the Trustee has filed the instant Motion to Clarify Debtors' Exemptions rather than a document formally entitled "Objection to Exemptions," the Court shall treat such motion as an exemption objection given that the purpose of such motion is to formally contest one of the Debtors' exemptions. The Trustee, as the objecting party, has the burden of proving that the Debtors may not exempt some portion of the New Florence Realty, or the proceeds from its post-petition sale,

pursuant to § 522(d)(1). *See* Fed. R.Bankr.P. 4003(c), 11 U.S.C.A. (West 2011). "Bankruptcy exemptions should be construed liberally in favor of debtors." *In re Chavis,* 207 B.R. 845, 847 (Bankr. W.D.Pa.1997); *see also In re Claude,* 206 B.R. 374, 377 (Bankr.W.D.Pa.1997).

11 U.S.C. § 522(d)(1) provides, in pertinent part, that an individual debtor in bankruptcy may exempt "[t]he debtor's aggregate interest, not to exceed $20,200 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence." 11 U.S.C.A. § 522(d)(1) (West 2010). 11 U.S.C. § 522(d)(5) provides that an individual debtor in bankruptcy may exempt "[t]he debtor's aggregate interest in any property, not to exceed in value $1,075 plus up to $10,125 of any unused amount of the exemption provided under paragraph (1) of this subsection [ (i.e., § 522(d)(1)) ]." 11 U.S.C.A. § 522(d)(5) (West 2010).

The term "residence," which appears in § 522(d)(1), is not defined anywhere in the Bankruptcy Code. However, in *Lanier v. Beaman,* 394 B.R. 382 (E.D.N.C.2008), which is a decision that the Debtors rely upon and to which they referred this Court at the July 14, 2011 hearing, the court therein concluded that, "[i]n construing what the term 'residence' means, it is helpful to turn to other sections of the [Bankruptcy C]ode that define the term in some form." *Id.* at 383. The *Lanier* court then turned, in particular, to 11 U.S.C. §§ 101(13A) and 101(27B). *See Id.; see also In re Kincade,* 2010 WL 3745901 at 2 (Bankr.E.D.N.C.2010) (same).

11 U.S.C. § 101(13A) provides, in pertinent part, that "[t]he term 'debtor's principal residence'—(A) means a residential structure, including incidental property, without regard to whether that structure is attached to real property; and (B) includes ... a mobile or manufactured

home, or trailer." 11 U.S.C.A. § 101(13A) (West 2011). 11 U.S.C. § 101(27B) provides, in pertinent part, that "[t]he term 'incidental property' means, with respect to a debtor's principal residence—(A) property commonly conveyed with a principal residence in the area where the real property is located; [and] (B) all . . . oil or gas rights or profits." 11 U.S.C.A. § 101(27B) (West 2011).

Construing the term "residence" for purposes of § 522(d)(1) by referring to §§ 101(13A) and 101(27B), as did the *Lanier* court, it is fair to conclude, as a matter of law, that, *inter alia*, a debtor's residence can include:

(a) a mobile home;

(b) the underlying land upon which the mobile home is situated, regardless of whether such mobile home is attached to such land;

(c) the land that surrounds such mobile home, which land can be many acres thereof if it is located in a rural rather than an urban area, which legal conclusion is warranted given that (i) such surrounding land would commonly be conveyed with a structure located thereon, and (ii) the language of § 522(d)(1) limits only the value of a debtor's interest in a residence that can thereby be exempted, not the size of such residence; and

(d) oil and gas rights that accompany such realty.

Such holding is consistent with the legislative history that accompanies § 522(d). Such legislative history indicates that the federal exemptions specified in § 522(d) "are derived in large part from the Uniform Exemptions Act, promulgated by the Commissioners of Uniform State Laws in August, 1976." H.R.Rep. No. 95–595, at 361 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6317. Such legislative history also points out that the "[f]irst [federal exemption to which the debtor is entitled] is a

*homestead* . . . which may be claimed in real or personal property that the debtor or a dependent of the debtor uses as a residence." *Id.* (emphasis added).

■ Various state's homestead exemptions generally provide that such exemptions extend not only to residential structures and the land upon which they sit but also to adjoining or appurtenant land, *see* 40 Am.Jur.2d *Homestead* § 24 (2011), as well as minerals in place, *see* 40 Am.Jur.2d *Homestead* § 39 (2011). "Property claimable as a homestead is, by some provisions [of certain states], limited as to size or value, and some laws make distinctions as to the character of the land as urban or rural, in some cases allowing rural homesteads to be larger." 40 Am.Jur.2d *Homestead* § 34 (2011). Importantly, "[i]t is not necessary that there be actual utilization of every acre of land in a tract before it can be claimed as a homestead." 40 Am. Jur.2d *Homestead* § 70 (2011); *see also* 40 Am.Jur.2d *Homestead* § 32 (2011) (same).

Several cases that have construed the homestead exemption law in Ohio, which state has opted out of the federal exemption scheme, also point out that Ohio's exemption statute and § 522(d) of the Bankruptcy Code are derived from the Uniform Exemptions Act. *See In re Williams*, 113 B.R. 399, 400 (Bankr. S.D.Ohio 1990); *In re Saylor*, 7 B.R. 86, 87 (Bankr.S.D.Ohio 1980). These decisions then go on to hold, in particular, that (a) "where a mobile home which serves as a debtor's residence is located on the real property sought to be claimed as the homestead exemption, the real and personal property together comprise one item of property that the debtor uses as a residence," *Williams*, 113 B.R. at 400; *see also Saylor*, 7 B.R. at 87 (same), and (b) such debtor, therefore, "can assert his homestead exemption to the monetary limits of the [Ohio exemption] statute from

either the [r]eal [p]roperty or the [m]obile [h]ome or from both," *Williams,* 113 B.R. at 400–01; *see also Saylor,* 7 B.R. at 88 (same).

Applying all of the foregoing law to the instant matter, the Court holds first that the entirety of the New Florence Realty, that is all 19.379 acres thereof and the accompanying oil and gas rights, constitutes the Debtors' residence, as does the Debtors' mobile home that remains situated on such realty. The Court so holds, in particular, because (a) the Debtors purchased all of the New Florence Realty as one tract of land, (b) it finds that the New Florence Realty and the Debtors' mobile home comprise one item of property that is used by the Debtors as their residence, (c) the Debtors need not actually utilize every acre of the New Florence Realty in order for such realty to constitute their residence, and (d) the New Florence Realty is rural in nature, which means that a larger tract of surrounding land (i.e., 19 acres rather than, for instance, 1 or 2 acres) would commonly be conveyed with any structure located thereon. The Court then holds that the Debtors consequently may exempt the proceeds from the post-petition sale of the New Florence Realty up to the monetary limitation that is prescribed under § 522(d)(1), taking into proper account also, however, that such monetary limitation must be reduced (a) to the extent that the Debtors' exemption of other property under § 522(d)(5) exceeds the monetary limitation contained therein, and (b) by the value that can be ascribed to the Debtors' mobile home.

The Debtors, on a combined basis, are entitled to a monetary exemption of $40,400 under § 522(d)(1) [$20,200 × 2 debtors] and $2,150 under § 522(d)(5) [$1,075 × 2 debtors].[1] They appear to have exempted other property under § 522(d)(5) totalling $6,359.99, which figure is comprised of $5,654.68 in property that both parties have accounted for when addressing the instant matter, and $705.31 for interests in two different insurance policies for which neither party has so accounted. $6,359.99 exceeds the $2,150 combined monetary limitation under § 522(d)(5) by $4,209.99. Therefore, the $40,400 combined monetary limitation under § 522(d)(1) must be reduced by $4,209.99, which yields a limitation thereunder of $36,190.01. Consequently, the Debtors may exempt $36,190.01 of the proceeds from the post-petition sale of the New Florence Realty, less the value of the Debtor's mobile home.

The Court cannot presently make a proper finding as to the value that should be assigned to the Debtors' mobile home. The Debtors appear to take the position that their mobile home is essentially worthless, and appear to base such position on their counsel's representation to that effect which was made at the July 14, 2011 hearing. However, the Court cannot conclude that the Trustee agrees with such valuation. The Court cannot so conclude because, even though he decided not to offer the Debtors' mobile home for sale, the Trustee nevertheless assigned a value of $21,650 to such mobile home in the

---

1. In reviewing the Trustee's calculations contained in his Motion to Clarify Debtors' Exemptions, it appears to the Court that the Trustee bases the same on a presumption that an individual debtor is entitled to a monetary exemption of (a) $21,625 under § 522(d)(1), (b) $1,150 under § 522(d)(5), and (c) a maximum wildcard exemption under § 522(d)(5) of $11,975. Such exemption amounts, however, are only available to debtors who file for bankruptcy on or after April 1, 2010. *See* Judicial Conference of the United States Notice, 75 Fed.Reg. 8747–01 (Feb. 25, 2010). Because the instant Debtors filed for Chapter 7 bankruptcy protection on March 17, 2010, they are not entitled to take advantage of such enhanced exemption amounts.

calculations that are contained in his Motion to Clarify Debtors' Exemptions. The Court is not presently prepared to choose between either of these extremes. Therefore, the Court shall leave it up to the parties to arrive at a value to be assigned to the Debtors' mobile home, failing which either or both of the parties may petition the Court for another hearing at which the Court will determine a value to be so assigned.

### CONCLUSION

For all of the foregoing reasons, the Debtors may exempt $36,190.01 of the proceeds from the post-petition sale of the New Florence Realty, less the value that the parties shall determine to assign to the Debtors' mobile home.

### ORDER OF COURT

**AND NOW,** this 23rd day of **August, 2011,** for the reasons set forth in the accompanying Memorandum Opinion of the same date; it is **hereby ORDERED, ADJUDGED, AND DECREED** that the instant Debtors may exempt $36,190.01 of the proceeds from the post-petition sale of their residence located at 633 Mountain View Drive, New Florence, PA 15944, less the value that the parties herein shall determine to assign to the Debtors' mobile home.